WARREN R. FOLLUM, Petitioner v. NORTH CAROLINA STATE UNIVERSITY, Respondent

No. COA08-1291

(Filed 21 July 2009)

**Process and Service— sufficiency of process—service on counsel of record**

The superior court did not err by granting respondent university's motion to dismiss based on insufficiency of process and by dismissing a petition for judicial review with prejudice because:

(1) N.C.G.S. § 150B-46 provides that a petitioner seeking judicial review of an agency decision must serve his petition for judicial review upon all parties of record to the administrative proceedings within ten days of filing said petition with the trial court; (2) while defendant did not have to serve his petition for judicial review upon respondent's process agent, serving respondent's counsel of record was insufficient since she was not a party of record to the administrative proceedings when she was an employee of the Department of Justice and a member of the Attorney General's staff instead of the university; (3) the fact that the Attorney General's office only provided petitioner with a post office box for the university's process agent and not a physical address did not render the service of the petition for judicial review upon the university's counsel in compliance with N.C.G.S. § 150B-46; and (4) petitioner's service of the petition on respondent's process agent outside of the ten-day window did not comply with N.C.G.S. § 150B-46.

Appeal by respondent from an order entered 18 June 2008 by Judge Michael R. Morgan in Wake County Superior Court. Heard in the Court of Appeals 8 April 2009.

*Warren R. Follum, petitioner-appellant, pro se.*

*Attorney General Roy Cooper, by Assistant Attorney General Kimberly D. Potter, for respondent-appellee.*

HUNTER, Robert C., Judge.

Petitioner, Warren R. Follum ("petitioner") appeals *pro se* from an order entered 18 June 2008 by Judge Michael R. Morgan in Wake County Superior Court, which granted respondent North Carolina State University's "Motion to Dismiss" based on insufficiency of process and dismissed "Petitioner's Petition for Judicial Review" with prejudice. After careful review, we affirm.

## I. Background

On 26 November 2007, petitioner filed a "Petition for Contested Case Hearing" in the Office of Administrative Hearings ("OAH") asserting that, in violation of the State Personnel Act, respondent North Carolina State University ("respondent" or "NCSU"): (1) demoted him without just cause in June and November 2006 respectively; and (2) failed to adequately post two employment positions for

Director of Capital Design and Director of Capital Design and Construction. Petitioner further alleged that respondent took these actions against him based on his age and sex.[1]

On 19 December 2007, respondent filed a "Motion to Dismiss and Motion to Stay Proceedings" based on: (1) lack of personal jurisdiction; (2) lack of subject matter jurisdiction; and (3) failure to state a claim. On 26 February 2008, Administrative Law Judge Joe L. Webster ("ALJ Webster") entered a "Final Decision Order of Dismissal[,]" which dismissed petitioner's Petition for Contested Case Hearing with prejudice "on the grounds set forth in [respondent's] Motion to Dismiss[.]" On the same date, OAH mailed a copy of ALJ Webster's final decision/order to petitioner and to respondent's attorney of record, Kimberly D. Potter ("Ms. Potter").

On 11 March 2008, petitioner filed a Petition for Judicial Review in Wake County Superior Court seeking review of ALJ Webster's 26 February 2008 final decision/order. On the same date, petitioner served the Petition for Judicial Review and a civil summons on Ms. Potter; however, he did not serve respondent's process agent nor any other individual employed by respondent.

On 1 April 2008, respondent filed a "Motion to Dismiss" the Petition for Judicial Review for insufficiency of process pursuant to N.C. Gen. Stat. § 1A-1, Rule 12(b)(4) (2007), asserting that petitioner had failed to properly serve the Petition for Judicial Review. On 2 April 2008, petitioner served the Petition for Judicial Review, the civil summons and a "General Civil Action Cover Sheet" on respondent's process agent, Mary Elizabeth Kurz ("Ms. Kurz").

On 30 May 2008, a hearing was held in which the parties solely addressed the insufficiency of process issue. Respondent asserted, *inter alia*, that N.C. Gen. Stat. § 1A-1, Rule 4 (2007) controlled this issue and that petitioner was required to serve his Petition for Judicial Review upon respondent's process agent, which he had failed to do in a timely manner. Petitioner contended that the issue was controlled by N.C. Gen. Stat. § 150B-46 (2007) and that he had complied with the statute by serving his Petition for Judicial Review upon Ms. Potter and Ms. Kurz. After extensively examining this Court's opinion

---

1. Recently, this Court filed an opinion affirming the denial of unemployment benefits for petitioner for a period of nine weeks because he was discharged from his employment at NCSU due to substantial fault. *Follum v. N.C. State Univ.*, 195 N.C. App. 785, 673 S.E.2d 884 (unpublished), *appeal dismissed and disc. review denied*, 363 N.C. 374, —— S.E.2d —— (2009).

in *Davis v. N.C. Dept. of Human Resources*, 126 N.C. App. 383, 485 S.E.2d 342, (1997), *aff'd in part and rev'd in part on other grounds*, 349 N.C. 208, 505 S.E.2d 77 (1998), the trial court concluded, *inter alia*, that: (1) section 150B-46, not Rule 4, controlled the issue of what constitutes proper service of a petition for judicial review of a final administrative/agency decision; (2) pursuant to section 150B-46 and *Davis*, Ms. Potter "was not an individual who could properly receive service"; and (3) pursuant to section 150B-46, the 2 April 2008 service upon Ms. Kurz was not timely. Consequently, the court entered an 18 June 2008 order granting respondent's motion to dismiss based upon petitioner's failure to properly serve his Petition for Judicial Review in accordance with section 150B-46. Petitioner appeals.

## II. Analysis

On appeal, petitioner asserts that he properly served respondent with his Petition for Judicial Review in accordance with section 150B-46 and Rules 4 and 5 of the North Carolina Rules of Civil Procedure. Consequently, he contends that the trial court erred in granting respondent's motion to dismiss his Petition for Judicial Review. As discussed *infra*, we disagree.

This Court's opinion in *Davis* is clear that section 150B-46 controls the issue before us. *Id.* at 388, 485 S.E.2d at 345. In that case, this Court addressed whether the petitioner properly served the respondent agency, the North Carolina Department of Human Resources, with his petition for judicial review when he served said petition on the Secretary of the Department of Human Resources and not the agency's registered process agent. *Id.* The respondent asserted that, in accordance with Rule 4 of the North Carolina Rules of Civil Procedure, a petitioner seeking judicial review from a final agency decision was required to serve his petition for judicial review on the agency's process agent. *Id.* This Court disagreed and determined that section 150B-46, not Rule 4, was the controlling law. Specifically, this Court concluded:

"[W]here one statute deals with a particular subject or situation in specific detail, while another statute deals with the subject in broad, general terms, the particular, specific statute will be construed as controlling, absent a clear legislative intent to the contrary." In the present case, G.S. 150B-46 deals with the service of a petition for judicial review of an agency decision, while Rule 4 applies generally to service in all civil matters. Therefore, since G.S. 150B-46 is more specific and there is no legislative intent to

the contrary, its terms control. If the General Assembly had intended that petitions for judicial review be served only upon an agency's process agent, it could have put language mimicking that of Rule 4 in G.S. 150B-46. It did not.

*Id.* (alteration in original) (quoting *Nucor Corp. v. General Bearing Corp.*, 333 N.C. 148, 154-55, 423 S.E.2d 747, 751 (1992)).

Section 150B-46 provides in pertinent part:

The petition [for judicial review] shall explicitly state what exceptions are taken to the decision or procedure and what relief the petitioner seeks. *Within 10 days after the petition is filed with the court, the party seeking the review shall serve copies of the petition by personal service or by certified mail upon all who were parties of record to the administrative proceedings. Names and addresses of such parties shall be furnished to the petitioner by the agency upon request.* Any party to the administrative proceeding is a party to the review proceedings unless the party withdraws by notifying the court of the withdrawal and serving the other parties with notice of the withdrawal. Other parties to the proceeding may file a response to the petition within 30 days of service. Parties, including agencies, may state exceptions to the decision or procedure and what relief is sought in the response.

N.C. Gen. Stat. § 150B-46 (emphasis added). Hence, according to section 150B-46, a petitioner seeking judicial review of an agency decision must serve his petition for judicial review upon all "parties of record to the administrative proceedings" within ten days of filing said petition with the trial court. *Id.*

Respondent asserts that petitioner did not comply with section 150B-46 because: (1) Ms. Potter is neither an employee of NCSU nor a party to the administrative proceedings; and (2) petitioner did not serve any of respondent's employees until he served Ms. Kurz on 2 April 2008, which was outside the ten-day window mandated by section 150B-46. We agree.

In *Davis*, this Court determined that the petitioner had complied with section 150B-46 by serving his petition for judicial review "upon C. Robin Britt, Secretary of the Department of Human Resources, the person at the agency to whom the Office of Administrative Hearing sent copies of its orders during the administrative proceeding[.]" *Davis*, 126 N.C. App. at 388, 485 S.E.2d at 345-46. While *Davis* is

clear that, in the instant case, petitioner did not have to serve his Petition for Judicial Review upon respondent's process agent, Ms. Kurz, it is equally clear that in order to comply with section 150B-46, at the very least, petitioner did have to serve said petition upon a "person at the agency[,]" i.e., a person at the agency that was a party to the administrative proceedings. *Id.* at 388, 485 S.E.2d at 345. Here, as respondent's counsel of record, Ms. Potter was charged with representing respondent's interests; however, Ms. Potter is an employee of the Department of Justice and a member of the Attorney General's staff, not of NCSU. As such, as set out in *Davis*, Ms. Potter does not qualify as a "person at the agency[,]" and service of the Petition for Judicial Review upon her does not comply with section 150B-46. *Id.*

Nevertheless, petitioner asserts that the 11 March 2008 service of his Petition for Judicial Review upon Ms. Potter complied with section 150B-46 because when he requested the address for respondent's registered agent from the Attorney General's office, he was only provided with a post office box and not a physical street address. Petitioner notes that without a physical street address, he was unable to effectuate service via his preferred method of certified mail from a private letter carrier, such as Federal Express, because private letter carriers will not deliver certified mail to post office boxes. Petitioner claims, as he did below, that respondent denied him the right to serve his Petition for Judicial Review by certified mail via a private letter carrier. As a result, he contends that the service of the Petition for Judicial Review upon Ms. Potter, who is an assistant attorney general, complied with section 150B-46 because pursuant to N.C. Gen. Stat. § 1A-1, Rule 4(j)(4)(c), where an agency fails to file with the Attorney General the name and address of an agent upon whom process may be served, service may be made upon the Attorney General or an assistant attorney general. We disagree.

At the outset, we note that petitioner does not cite any case law in support of his argument, nor does he base his argument upon section 150B-46; rather, he bases his argument entirely upon Rule 4. Nevertheless, section 150B-46 does provide that names and addresses of the parties of record to the administrative proceedings must be given "to the petitioner by the agency upon request." N.C. Gen. Stat. § 150B-46.

In the instant case, nothing in the record demonstrates that petitioner requested respondent's address directly from respondent or that respondent agency itself failed to provide him with it; rather,

FOLLUM v. N.C. STATE UNIV.

[198 N.C. App. 389 (2009)]

petitioner requested the address of respondent's process agent from the Attorney General's office. In addition, while respondent concedes that a private letter carrier will not deliver certified mail to a post office box, a post office box is an address, and petitioner does not cite a single case to support the argument that either section 150B-46 or N.C.R. Civ. P. 4(j)(4) require an agency to provide a physical street address and/or that a petitioner's choice to effectuate service by certified mail via a private letter carrier renders the service of a petition for judicial review upon an agency's attorney of record in compliance with section 150B-46. Furthermore, as respondent notes and as indicated by the record, petitioner was aware of Ms. Kurz's physical street address as petitioner had written the physical street address for Ms. Kurz on his Petition for Contested Hearing and personally delivered said petition to this address prior to filing and serving his Petition for Judicial Review. Accordingly, we conclude that the fact that the Attorney General's office only provided petitioner with a post office box for Ms. Kurz and not a physical street address did not render the service of petitioner's Petition for Judicial Review upon Ms. Potter in compliance with section 150B-46.

In sum, we hold that petitioner's service of his Petition for Judicial Review upon Ms. Potter on 11 March 2008 did not comply with the mandates of section 150B-46 because Ms. Potter is not a party of record to the administrative proceedings, and that his 2 April 2008 service of said petition upon Ms. Kurz did not comply with section 150B-46 as it was served outside of the ten-day window mandated by the statute. Consequently, the trial court did not err by granting respondent's motion to dismiss and dismissing petitioner's Petition for Judicial Review.

Affirmed.

Judges McGEE and BEASLEY concur.