IN THE COURT OF APPEALS OF NORTH CAROLINA

 No. COA15-367

 Filed: 5 January 2016

Lenoir County, No. 14 CVS 799

NC DEPARTMENT OF PUBLIC SAFETY; NC HIGHWAY PATROL, Petitioner-
Employer,

 v.

KEVIN DAIL OWENS, Respondent-Employee.

 Appeal by Petitioner-Employer from orders entered 8 December 2014 and 19

December 2014 by Judge Paul L. Jones in Lenoir County Superior Court.

Respondent-Employee cross-appeals from orders entered 6 November 2014 and 19

December 2014 by Judge Paul L. Jones in Lenoir County Superior Court. Heard in

the Court of Appeals 24 September 2015.

 The McGuinness Law Firm, by J. Michael McGuinness, and Carraway Law
 Firm, by Lonnie W. Carraway, for the Respondent-Employee/Petitioner-
 Appellee/Cross-Appellant.

 Attorney General Roy A. Cooper, III, by Assistant Attorney General Vanessa N.
 Totten, for the Petitioner-Employer/Respondent-Appellant/Cross-Appellee.

 Law Offices of Michael C. Byrne, by Michael C. Byrne, for Amicus Curiae, the
 North Carolina Police Benevolent Association and Southern States Police
 Benevolent Association.

 DILLON, Judge.

 The North Carolina Department of Public Safety and the North Carolina

Highway Patrol (collectively, the “Highway Patrol”) appeal from orders reversing the
 NC DEP’T OF PUB. SAFETY ET AL. V. OWENS

 Opinion of the Court

separation of Kevin Dail Owens (“Sergeant Owens”) from his employment. Sergeant

Owens cross-appeals from the final corrected order reversing his separation from his

employment as well as an earlier order denying his motion to dismiss for lack of

jurisdiction. For the following reasons, we affirm these orders.

 I. Background

 This matter involves an appeal by the Highway Patrol and a cross-appeal by

Sergeant Owens.

 Sergeant Owens was employed with the Highway Patrol in 1995. His

employment was terminated on 1 November 2012. He was rehired by the Highway

Patrol nine months later in August 2013. Notwithstanding his reinstatement, he

petitioned for a contested case hearing challenging his November 2012 termination,

seeking to have his reinstatement applied retroactively back to November 2012 such

that he would not have any break in service and to recover back pay and benefits for

those nine months.

 A contested case hearing was held before an administrative law judge (the

“ALJ”). By order entered 24 June 2014, the ALJ concluded that the Highway Patrol’s

termination of Sergeant Owens was improper and ordered that his reinstatement be

retroactive to November 2012 without any break in service and that he receive back

pay and benefits.

 -2-
 NC DEP’T OF PUB. SAFETY ET AL. V. OWENS

 Opinion of the Court

 The Highway Patrol subsequently filed a petition in superior court for judicial

review of the ALJ’s order. Sergeant Owens moved the superior court to dismiss the

petition, contending that the Highway Patrol failed to serve him with the petition

within the time allowed by statute. The superior court denied Sergeant Owens’

motion to dismiss and granted the Highway Patrol additional time to properly serve

Sergeant Owens. Subsequently, though, the superior court sided with Sergeant

Owens on the merits, affirming the ALJ’s order reinstating Sergeant Owens

retroactively with back pay and benefits.

 On appeal to this Court, the Highway Patrol challenges the superior court’s

decision affirming the ALJ’s order.

 On cross-appeal, Sergeant Owens argues that our Court should not even reach

the merits of the Highway Patrol’s appeal, contending that the superior court erred

by denying his motion to dismiss the Highway Patrol’s petition for judicial review.

 II. Sergeant Owens’ Cross-Appeal

 Before reaching the merits of the Highway Patrol’s appeal, we first address the

merits of Sergeant Owens’ cross-appeal. Specifically, Sergeant Owens contends that

the superior court should have granted his motion to dismiss the Highway Patrol’s

petition for judicial review of the ALJ’s order on the ground that he was not properly

served the petition within the time allowed by N.C. Gen. Stat. § 150B-46. We

disagree.

 -3-
 NC DEP’T OF PUB. SAFETY ET AL. V. OWENS

 Opinion of the Court

 N.C. Gen. Stat. §§ 150B-45 and 46 are the sections of the Administrative

Procedure Act which set forth the procedures for the filing and serving of a petition

for judicial review of a final decision in a contested case hearing.

 N.C. Gen. Stat. § 150B-45(a) provides that the person seeking judicial review

must file the petition in the superior court “within 30 days after [being] served with

the written copy of the [ALJ’s] decision.” Subsection (b) of that statute provides that

“[f]or good cause shown[,] the superior court may accept an untimely [filed]

petition[,]” otherwise, the right to judicial review is waived. N.C. Gen. Stat. § 150B-

45(b).

 N.C. Gen. Stat. § 150B-46 states that the party seeking judicial review must

serve copies of the petition on the other parties “[w]ithin 10 days after the petition is

filed with the [superior] court,” further providing that the service be either by

personal service or by certified mail. However, unlike G.S. 150B-45 which allows the

superior court to grant additional time for the filing of the petition, there is no express

provision in G.S. 150B-46 which authorizes the superior court to extend the time for

serving the petition.

 In the present case, the Highway Patrol timely filed its petition for judicial

review. However, it improperly served the petition by regular mail, a means not

authorized by G.S. 150B-46. After the 10-day period for service had expired, Sergeant

Owens moved to dismiss the petition for improper service, contending that the

 -4-
 NC DEP’T OF PUB. SAFETY ET AL. V. OWENS

 Opinion of the Court

superior court lacked personal jurisdiction over him. The superior court, though,

granted the Highway Patrol’s motion for additional time to serve the petition, and

the Highway Patrol subsequently served the petition properly (by certified mail) some

months after it originally filed the petition in the superior court.

 Sergeant Owens argues that the superior court should have granted his motion

to dismiss for lack of personal jurisdiction. Essentially, the question raised by

Sergeant Owens’ challenge is whether the superior court had the authority to grant

the Highway Patrol more time to accomplish service beyond the 10 days, absent any

express language in G.S. 150B-46 authorizing the superior court to extend the time.

 In a published decision, our Court held that the superior court does not err by

dismissing a petition for judicial review where there had not been proper service of

the petition within 10 days of the filing of the petition in accordance with G.S. 150B-

46. Follum v. N.C. State. Univ., 198 N.C. App. 389, 395, 679 S.E.2d 420, 424 (2009).

The Follum Court did not express a view as to whether the superior court had the

authority to grant more time to a party to accomplish service outside the 10 days

provided for by G.S. 150B-46. In a subsequent unpublished opinion, though, a panel

of our Court expressly held that the superior court lacked the authority to provide an

extension beyond the 10-day limit to serve the petition and, therefore, must grant the

non-petitioning party’s motion to dismiss when proper service is not effected within

the 10-day timeframe. Schermerhorn v. N.C. State Highway Patrol, 223 N.C. App.

 -5-
 NC DEP’T OF PUB. SAFETY ET AL. V. OWENS

 Opinion of the Court

102, 732 S.E.2d 394 (2012) (unpublished) (holding that “[b]ecause there is no

language in N.C. Gen. Stat. § 150B-46 nor the rest of the general statutes providing

for an extension to serve a petition for judicial review, we hold it was error for the

trial court to grant Petitioner the extension”). Based on the reasoning in

Schermerhorn, a non-petitioning party could avoid being subjected to the judicial

review of a favorable ALJ decision simply by avoiding service of the losing party’s

petition for 10 days, e.g., by taking a long vacation or refusing to sign for certified

mail, whereupon the losing party’s right to judicial review might be lost forever. We

note that, as an unpublished opinion, Schermerhorn is not binding authority.

 We need not reach this issue, though, because Sergeant Owens made a general

appearance in the superior court and, therefore, waived any personal jurisdiction

defense. See Tobe-Williams v. New Hanover Board of Education, ___ N.C. App. ___,

___, 759 S.E.2d 680, 687 (2014) (holding that a non-petitioner can waive personal

jurisdiction under G.S. 150B-46 by making a general appearance). Specifically,

Sergeant Owens made a general appearance when he filed his motion styled as

“[Sergeant] Owens’ Special Appearance and Objection/Motion to Dismiss the

[Highway Patrol’s Petition] for Judicial Review for Lack of Jurisdiction.” Though the

filing purports to challenge only the personal jurisdiction of the court, the language

of his filing demonstrates that Sergeant Owens was also challenging the superior

court’s subject matter jurisdiction. In the filing, he expressly relies on both Rule

 -6-
 NC DEP’T OF PUB. SAFETY ET AL. V. OWENS

 Opinion of the Court

12(b)(1) (concerning “lack of jurisdiction over the subject matter”) and Rule 12(b)(2)

(concerning “lack of jurisdiction over the person”) and contending that the superior

court lacked “both subject matter and personal jurisdiction” to hear the petition. And

based on our Supreme Court’s holding in In re Blalock, 233 N.C. 493, 504, 64 S.E.2d

848, 856 (1951), we are compelled to conclude that, by also challenging the superior

court’s subject matter jurisdiction, Sergeant Owens made a general appearance in

the superior court and, therefore, waived any defense based on a lack of personal

jurisdiction.

 In Blalock, the Supreme Court recognized the following principles:

 Jurisdiction over the person can be acquired in one of two ways: (1) by
 proper service of process or (2) by his voluntary appearance. Id. at 503,
 64 S.E.2d at 855.

 “An appearance may be either general or special.” Id.

 “A general appearance waives any defects in the jurisdiction of the court
 for want of valid summons or of proper service thereof.” Id. at 504, 64
 S.E.2d at 856.

 Whether an appearance is general or special is determined by “looking
 at the substance [of the filing] rather than to its form. If the appearance
 is in effect general, the fact that the party styles it a special appearance
 will not change its character, the question always is what a party has
 done, and not what he intended to do.” Id. at 503, 64 S.E.2d at 855
 (emphasis added).

 And finally, “[a]n objection that the court has no jurisdiction of the
 subject matter of the action is considered in law as taken on the merits
 and not merely to the jurisdiction of the court over the person[, and that]
 any objection for the purpose of entering such objection is, in fact, a

 -7-
 NC DEP’T OF PUB. SAFETY ET AL. V. OWENS

 Opinion of the Court

 general appearance which waives any defect [in service].” Id. at 504, 64
 S.E.2d at 856.

The movants in Blalock made the same mistake as Sergeant Owens has done here:

In their motion to dismiss for lack of personal jurisdiction, they also challenged the

superior court’s subject matter jurisdiction. The Supreme Court, there, held that had

the movants “confined their motion to dismiss for want of jurisdiction over their

persons, all would have been well with them, but when they asked the court to

adjudge as to want of jurisdiction over the subject of the action, they converted their

special appearance into a general one.” Id. Likewise, here, Sergeant Owens waived

any defect in the service of the petition by challenging the court’s subject-matter

jurisdiction; and his arguments on cross-appeal are, therefore, overruled.

 III. The Highway Patrol’s Appeal

 Having concluded that the superior court properly exercised jurisdiction, we

turn to the merits of the Highway Patrol’s appeal.

 On appeal, the Highway Patrol argues that the superior court erred in

affirming the ALJ’s order retroactively reinstating Sergeant Owens and awarding

him back pay and benefits. We affirm the superior court’s order.

 A. Factual and Procedural Background

 The circumstances concerning Sergeant Owens’ termination and

reinstatement are as follows: In 2005, Sergeant Owens began working as a District

Sergeant, a position which required him to maintain certain credentials. To

 -8-
 NC DEP’T OF PUB. SAFETY ET AL. V. OWENS

 Opinion of the Court

maintain these credentials and, therefore, be qualified to work as a District

Sergeant, Sergeant Owens was required to complete annual firearms training and

eight hours of other training.

 In November 2010, the State Bureau of Investigation notified the Highway

Patrol that Sergeant Owens was the subject of a criminal investigation relating to

his alleged involvement with obtaining illegal prescriptions from a nurse he was

dating. On 2 December 2010, due to the ongoing active criminal investigation,

Sergeant Owens was placed on “administrative duty,” essentially working in a

civilian position performing general office duties (e.g., answering the phone and

making copies) within the Highway Patrol. As a consequence, Sergeant Owens was

required to surrender his vehicle, badge and firearms and was not allowed to perform

any enforcement duties or supervise other officers during this time. While Sergeant

Owens was on administrative duty, the Highway Patrol was not able to hire another

District Sergeant to perform his duties, but rather the two other District Sergeants

in his Troop had to “pick up the slack” caused by his absence.

 Throughout all of 2011, Sergeant Owens was allowed to remain on

administrative duty while the criminal investigation into his alleged drug crimes

continued. During this time, though, Sergeant Owens’ supervisor, Colonel Gilchrist,

did not allow Sergeant Owens to complete the firearms training or other training

which were required to maintain his credentials. These credentials, though, were

 -9-
 NC DEP’T OF PUB. SAFETY ET AL. V. OWENS

 Opinion of the Court

not required to perform the administrative duties to which Sergeant Owens’ had

been temporarily assigned.

 On 10 April 2012, Sergeant Owens was indicted in federal court on fourteen

felony charges for illegal drug prescriptions.

 On 10 October 2012, while the federal charges were still pending, a federal

judge entered an order in the criminal matter allowing Sergeant Owens to possess a

firearm temporarily for the purpose of completing the annual firearms training

required by the Highway Patrol and further directed the Highway Patrol to allow

Sergeant Owens to complete this training. Colonel Gilchrist, however, refused to

allow Sergeant Owens to complete his firearms training.

 On 26 October 2012, Sergeant Owens received notice that he was being

considered for “administrative separation” (termination) from his employment based

on (1) his loss of certain credentials necessary to perform the duties of a District

Sergeant and (2) his unavailability to perform the duties of a District Sergeant. A

pre-dismissal conference was held in which Sergeant Owens was allowed the

opportunity to be heard and to present evidence.

 On 1 November 2012, almost two years after being placed on administrative

duty and while his federal criminal charges were still pending, Colonel Gilchrist

administratively separated (terminated) Sergeant Owens from his employment with

the Highway Patrol.

 - 10 -
 NC DEP’T OF PUB. SAFETY ET AL. V. OWENS

 Opinion of the Court

 In February 2013, Colonel Gilchrist retired.

 In March 2013, the federal felony drug charges against Sergeant Owens were

dismissed.

 In April 2013, a Lieutenant with the Highway Patrol invited Sergeant Owens

to reapply for his old job, which he did three months later in July 2013. On 12 August

2013, Sergeant Owens completed his firearms certification and was reinstated with

the Highway Patrol as a District Sergeant.

 Subsequently, Sergeant Owens filed for a contested case hearing to challenge

his November 2012 termination. After an extensive hearing on the matter, the ALJ

entered an extensive order with 139 findings of fact and 86 conclusions of law. In

his order, the ALJ determined that Sergeant Owens’ November 2012 termination

was not handled in accordance with the law and directed that that his reinstatement

be retroactive to 1 November 2012 such that he would not have any break in service

and that he be awarded all back pay and benefits. The ALJ’s order was affirmed by

the superior court.

 B. Analysis

 1. Decision to Terminate Sergeant Owens

 The Highway Patrol argues that the ALJ erred in reversing the decision of

Colonel Gilchrist to terminate Sergeant Owens on 1 November 2012 and that the

superior court erred in affirming the ALJ’s error.

 - 11 -
 NC DEP’T OF PUB. SAFETY ET AL. V. OWENS

 Opinion of the Court

 Our standard of review in such matters are as follows: “The North Carolina

Administrative Procedure Act (APA), codified at Chapter 150B of the General

Statutes, governs trial and appellate court review of administrative agency

decisions.” Amanini v. North Carolina Dep’t of Human Res., N.C. Special Care Ctr.,

114 N.C. App. 668, 673, 443 S.E.2d 114, 117 (1994). “[Q]uestions of law receive de

novo review, whereas fact-intensive issues such as sufficiency of the evidence to

support an agency’s decision are reviewed under the whole-record test.” North

Carolina Dep’t of Env’t and Natural Res. v. Carroll, 358 N.C. 649, 659, 599 S.E.2d

888, 894 (2004) (internal marks omitted) (emphasis in original).

 Turning to the merits of the appeal, Colonel Gilchrist separated Sergeant

Owens on 1 November 2012 for Sergeant Owens’ loss of credentials and for his

unavailability. The Highway Patrol states in its Reply brief filed with our Court that

it is not challenging the determination that Colonel Gilchrist failed to comply with

the policy concerning separation for unavailability.1

 1 The Administrative Code states that an employee is “unavailable” when he is unable “to
return to all of the position’s essential duties” due to sickness or “other extenuating circumstances[.]”
25 NCAC 01C.1007(d)(1)(b). Here, the ALJ essentially found that Colonel Gilchrist felt that the
Highway Patrol simply could not continue to wait beyond the twenty-three (23) months it had given
Sergeant Owens to work out his legal problems and that the Highway Patrol needed someone working
as a District Sergeant. However, the ALJ determined that Colonel Gilchrist failed to fully comply with
the rule concerning unavailability which states, in part, that “[a]n employee may be separated on the
basis of unavailability when the employee remains unavailable for work after all applicable leave
credits and leave benefits have been exhausted[.]” 25 NCAC 01C .1007(a). Here, the ALJ determined
- and the Highway Patrol appears to concede - that Sergeant Owens still had unexhausted leave credits
and leave benefits when he was terminated.

 - 12 -
 NC DEP’T OF PUB. SAFETY ET AL. V. OWENS

 Opinion of the Court

 The Highway Patrol, however, challenges the ALJ’s conclusion that Colonel

Gilchrist improperly terminated Sergeant Owens on the basis of the loss of

credentials. The Highway Patrol argues that the requirement that all leave time be

exhausted to separate an employee for unavailability (see footnote 1) does not apply

to a decision to separate an employee due to the loss of any credentials necessary in

performing the job. The Highway Patrol points to 25 NCAC 01J .0614(4) which states

that “[d]ismissal means the involuntary termination or ending of the employment of

an employee for disciplinary purposes or failure to obtain or maintain necessary

credentials” (emphasis added) and to 25 NCAC 01J .0615(d) (now codified in 25 NCAC

01J .0616) which states that the “[f]ailure to obtain or maintain the required

credentials constitutes a basis for dismissal without prior warning” (emphasis

added).

 Here, the ALJ found that Sergeant Owens, indeed, had lost certain credentials

required to perform the duties of a District Sergeant while he was on administrative

duty. However, the ALJ determined that the Highway Patrol had acted arbitrarily

and capriciously in terminating Sergeant Owens on this basis. Specifically, the ALJ

made a number of findings which were not challenged by the Highway Patrol,

including (1) that Sergeant Owens lost his credentials through no fault of his own but

because the Highway Patrol prevented him from doing so; (2) that the Highway Patrol

relied on an order entered by a federal magistrate in Sergeant Owens’ criminal case

 - 13 -
 NC DEP’T OF PUB. SAFETY ET AL. V. OWENS

 Opinion of the Court

which prohibited Sergeant Owens from possessing a firearm as its justification,

ignoring the subsequent order from the federal judge modifying the magistrate’s

order to allow Sergeant Owens to possess a firearm to complete his certification; and

(3) that when he was terminated, Sergeant Owens was still on administrative duty

performing functions which did not require that he be credentialed.

 The Administrative Code may allow for an employee to be terminated without

prior warning for the failure to maintain required credentials; however, an employee

so terminated is entitled to relief from an ALJ where the employer-agency acts

arbitrarily and capriciously in terminating him on this basis. N.C. Gen. Stat. § 150B-

23(a)(4) (2013). Here, the superior court did not err in affirming the ALJ’s conclusion

that the Highway Patrol acted arbitrarily and capriciously in terminating Sergeant

Owens on the basis of loss of credentials. For instance, it was arbitrary and capricious

for the Highway Patrol to prevent Sergeant Owens from taking his annual firearms

training (necessary to retain his credentials), though the Highway Patrol was under

no disability to allow the training to take place, and then terminate Sergeant Owens

for his failure to complete said training. The ALJ’s conclusion in this regard is

supported by its uncontested findings.

 We note that the Highway Patrol does challenge other findings and

conclusions. However, we do not believe that these challenged findings and

conclusions are essential to the ALJ’s conclusion that the Highway Patrol acted

 - 14 -
 NC DEP’T OF PUB. SAFETY ET AL. V. OWENS

 Opinion of the Court

arbitrarily and capriciously. For instance, the Highway Patrol argues that the ALJ

impermissibly determined that the Highway Patrol was required to follow the

directive by the federal judge in Sergeant Owens’ criminal case which appears to

order the Highway Patrol to allow Sergeant Owens to complete his firearms training.

Specifically, the Highway Patrol contends that the federal judge lacked the power to

compel the Highway Patrol, a non-party to Sergeant Owens’ federal criminal action,

to do anything. However, even if the federal judge lacked such power, the Highway

Patrol still had the obligation not to act arbitrarily and capriciously when it

terminated Sergeant Owens for failure to maintain his credentials.

 2. Duty to Mitigate Back Pay

 The Highway Patrol next argues that even if Sergeant Owens was improperly

terminated on 1 November 2012, the trial court erred in affirming the conclusion of

the ALJ that Sergeant Owens was not obligated to mitigate his damages.

Specifically, the Highway Patrol contends that Sergeant Owens should not be entitled

to back pay and benefits for the entire nine months he was separated where he was

asked to reapply for his old job five months into his separation (in April 2013) but

waited three additional months to do so. The ALJ, however, made certain findings

concerning this issue which support its conclusion that Sergeant Owens was entitled

to the benefits for the entire nine months. For instance, the ALJ determined that the

Highway Patrol failed to meet its burden to prove that the Highway Patrol would

 - 15 -
 NC DEP’T OF PUB. SAFETY ET AL. V. OWENS

 Opinion of the Court

have rehired Sergeant Owens had he applied earlier, noting that the Colonel that

replaced Colonel Gilchrist was never called to testify that he would have rehired

Sergeant Owens sooner. Further, the ALJ found that the Highway Patrol had sent a

form to Sergeant Owens indicating that he would not be rehired if he reapplied,

suggesting that it was reasonable for Sergeant Owens to believe, at least for a period

of time, that it would have been futile for him to reapply. Accordingly, the ALJ

concluded that the Highway Patrol failed to meet its burden to show that Sergeant

Owens failed to mitigate. Though the Highway Patrol points to evidence which tends

to support an alternate conclusion, we hold that the ALJ’s findings are supported by

the record. This argument is overruled.

 IV. Conclusion

 Regarding Sergeant Owens’ cross-appeal, we hold that Sergeant Owens

submitted to the jurisdiction of the superior court and, therefore, reject his arguments

on cross-appeal. Regarding the Highway Patrol’s appeal, we affirm the orders of the

trial court affirming the order of the ALJ.

 AFFIRMED.

 Judges HUNTER, JR., and DIETZ concur.

 - 16 -