Quad Graphics, Inc. v. N.C. Dep't of Revenue, 2020 NCBC 69.

STATE OF NORTH CAROLINA

WAKE COUNTY

QUAD GRAPHICS, INC.,

        Petitioner,

v.

NORTH CAROLINA DEPARTMENT
OF REVENUE,

        Respondent.

IN THE GENERAL COURT OF JUSTICE
SUPERIOR COURT DIVISION
20 CVS 7449

**ORDER AND OPINION ON
RESPONDENT'S MOTION TO
DISMISS PETITION, RESPONDENT'S
MOTION TO STAY PROCEEDINGS,
AND PETITIONER'S MOTION FOR
EXTENSION OF TIME TO SERVE
RESPONDENT WITH PETITION FOR
JUDICIAL REVIEW**

1.    **THIS MATTER** is before the Court on Respondent's Motion to Dismiss Petition ("Motion to Dismiss"), (ECF No. 11), Respondent's Motion to Stay Proceedings ("Motion to Stay"), (ECF No. 13), and Petitioner's Motion for Extension of Time to Serve Respondent with Petition for Judicial Review ("Motion to Extend"; collectively, the "Motions"), (ECF No. 19).

2.    Having considered the Petition for Judicial Review, (ECF No. 3), the First Amended Petition for Judicial Review, (ECF No. 9), the Motions, the related briefing and tendered exhibits, and the arguments of counsel at a hearing on the Motions, the Court hereby **GRANTS** the Motion to Extend, **DENIES** the Motion to Dismiss, and **DENIES** the Motion to Stay.

> *Graebe Hanna & Sullivan PLLC, by Douglas W. Hanna, and Akerman LLP, by Michael J. Bowen, for Petitioner Quad Graphics, Inc.*
>
> *North Carolina Department of Justice, by Matthew Sommer and Terence Friedman, for Respondent North Carolina Department of Revenue.*

Bledsoe, Chief Judge.

# I.

## FACTUAL AND PROCEDURAL BACKGROUND

3.     Quad Graphics, Inc. ("Quad Graphics") is a commercial printer headquartered in Sussex, Wisconsin with several locations across the United States, including North Carolina. (First Am. Pet. Judicial Review ¶ 15, ECF No. 9.)

4.     The North Carolina Department of Revenue (the "Department") determined that Quad Graphics had a sales tax nexus in North Carolina for the period of September 1, 2009 through December 31, 2011 (the "Period") based on the physical presence of a Quad Graphics sales representative in the State during the Period. (First Am. Pet. Judicial Review ¶ 20.) The Department issued a Notice of Proposed Sales and Use Tax Assessment to Quad Graphics on November 12, 2015 for uncollected and unremitted sales tax over the course of the Period. (First Am. Pet. Judicial Review ¶ 9.) The Department later reduced the assessment with respect to certain transactions and issued a Notice of Final Determination. (First Am. Pet. Judicial Review ¶¶ 10, 21, Ex. 2.)

5.     Quad Graphics thereafter filed a petition for a contested case hearing before the North Carolina Office of Administrative Hearings ("OAH"). (First Am. Pet. Judicial Review ¶ 11.) After Quad Graphics and the Department filed cross-motions for summary judgment, the Administrative Law Judge assigned to the case issued a Final Decision on June 24, 2020, granting the Department's motion and denying Quad Graphics' motion. (First Am. Pet. Judicial Review ¶ 13, Ex. 1.)

6. Thereafter, on July 24, 2020, Quad Graphics timely filed a Petition for Judicial Review of the OAH's Final Decision pursuant to N.C.G.S. §§ 105-241.16 and 7A-45.4(b)–(f) (the "Petition"). (Pet. Judicial Review, ECF No. 3.) On the same day, the case was designated as a mandatory complex business case, (ECF No. 1), and assigned to the undersigned, (ECF No. 2).

7. Quad Graphics' certificate of service attached to the Petition reflects that a copy of the Petition was served by certified mail on Matthew Sommer ("Sommer"), Terence Friedman ("Friedman"), and David D. Lennon ("Lennon") of the North Carolina Department of Justice. (Pet. Judicial Review 12.) Sommer, Friedman, and Lennon were the Department's counsel in the contested case hearing before the OAH. (Aff. Douglas W. Hanna ¶ 7, Ex. A, ECF No. 16.) Receipt of the Petition was acknowledged by Sommer, Friedman, and Lennon on July 28, 2020. (Aff. Douglas W. Hanna ¶ 11, Ex. C.)

8. On August 20, 2020, Quad Graphics filed a First Amended Petition for Judicial Review (the "Amended Petition"). (First Am. Pet. Judicial Review.)

9. On August 21, 2020, the Department filed the Motion to Dismiss pursuant to Rules 12(b)(1), 12(b)(2), 12(b)(4), and 12(b)(6) of the North Carolina Rules of Civil Procedure (the "Rule(s)") and N.C.G.S. § 150B-46. (Def.-Resp't's Mot. Dismiss Pet., ECF No. 11.) At the same time, the Department filed the Motion to Stay, seeking a stay of the case pending the Court's resolution of the Department's Motion to Dismiss. (Def.-Resp't's Mot. Stay Proceedings, ECF No. 13.)

10. Service of both the Petition and the Amended Petition on the Department's registered agent was completed by certified mail on August 25, 2020. (Acceptance Service, ECF No. 15.)

11. On August 31, 2020, Quad Graphics filed the Motion to Extend, seeking an extension of time to serve the Petition on the Department through and including August 25, 2020, the date Quad Graphics served the Petition and Amended Petition on the Department. (Pet'r's Mot. Extension Time Serve Resp't Pet. Judicial Review, ECF No. 19.)

12. After full briefing, the Court held a hearing on the Motions on October 2, 2020 (the "Hearing"), at which all parties were represented by counsel.

13. The Motions are now ripe for resolution.

II.

ANALYSIS

14. The Department argues that this action should be dismissed because Quad Graphics failed to timely serve the Department with the Petition as required under N.C.G.S. § 150B-46. (Def.-Resp't's Mot. Dismiss Pet.; *see also* Br. Supp. Def.-Resp't's Mot. Dismiss Pet. 2–7, ECF No. 12.) The Department suggests that Quad Graphics' timely service of the Petition on the Department's counsel of record in the OAH proceeding does not constitute timely service on the Department. (Def.-Resp't's Mot. Dismiss Pet.; *see also* Br. Supp. Def.-Resp't's Mot. Dismiss Pet. 2–4.) As a result, the Department contends that the Court must dismiss the Petition "for lack of subject matter jurisdiction, lack of personal [jurisdiction], insufficiency of process, and failure

to state a claim upon which relief can be granted." (Def.-Resp't's Mot. Dismiss Pet. 1.)

15. Generally, "[w]here there is no valid service of process, the court lacks jurisdiction over a defendant, and a motion to dismiss pursuant to Rule 12(b) should be granted." *Davis v. Urquiza*, 233 N.C. App. 462, 463–64, 757 S.E.2d 327, 329 (2014); *see also Draughon v. Harnett Cty. Bd. of Educ.*, 166 N.C. App. 449, 451, 602 S.E.2d 717, 718 (2004) ("If a party fails to obtain valid service of process, 'a court does not acquire personal jurisdiction over the defendant and the action must be dismissed.'" (quoting *Bentley v. Watauga Bldg. Supply, Inc.*, 145 N.C. App. 460, 462, 549 S.E.2d 924, 925 (2001))).

16. Section 150B-46 sets forth the procedure for an aggrieved party to seek judicial review of a final decision from the OAH: "[N.C.]G.S. 150B-46 deals with the service of a petition for judicial review of an agency decision, while Rule 4 applies generally to service in all civil matters. Therefore, since [N.C.]G.S. 150B-46 is more specific and there is no legislative intent to the contrary, its terms control." *Follum v. N.C. State Univ.*, 198 N.C. App. 389, 392–93, 679 S.E.2d 420, 422 (2009) (quoting *Davis v. N.C. Dep't of Human Res.*, 126 N.C. App. 383, 388, 485 S.E.2d 342, 345 (1997), *aff'd in part, rev'd in part on other grounds,* 349 N.C. 208, 505 S.E.2d 77 (1998)).

17. The service requirement of N.C.G.S. § 150B-46 specifically provides: "Within 10 days after the petition is filed with the court, the party seeking the review shall serve copies of the petition by personal service or by certified mail upon *all who were*

*parties of record to the administrative proceedings.*" (emphasis added). Our appellate courts have made clear that the Department's counsel is not the "party of record" for purposes of this section. *See Follum*, 198 N.C. App. at 394, 679 S.E.2d at 423 ("[I]t is equally clear that in order to comply with section 150B-46, at the very least, petitioner did have to serve said petition upon a 'person at the agency[,]' i.e., a person at the agency that was a party to the administrative proceedings[,]" and this does not include "an employee of the [North Carolina] Department of Justice.").

18. In an effort to remedy its failure to timely serve the Department, Quad Graphics filed the Motion to Extend with an accompanying brief, in which it details its communications with the Department's counsel and advances various factual and legal justifications, including under the North Carolina Rules of Professional Conduct, for its decision to serve the Department's counsel of record rather than the Department itself. (Mem. Supp. Pet'r's Mot. Extension Time Serve Resp't Pet. Judicial Review 3–6, ECF No. 20.) Quad Graphics represents that the Department's counsel advised it by email before the Motion to Extend was filed that "they could not agree to the [Motion to Extend] based on their ethical obligations for zealous representation under the North Carolina Rules of Professional Conduct." (*See* Pet'r's Mot. Extension Time Serve Resp't Pet. Judicial Review). Despite taking this position, the Department did not file a brief in opposition to the Motion to Stay and has not otherwise argued that Quad Graphics has failed to show good cause to grant the Motion to Extend or that the Department will suffer prejudice should the Motion to Extend be granted.

19. The Court has both subject matter jurisdiction and the authority under section 150B-46 to grant an extension of time to file a petition for judicial review. *See Sound Rivers, Inc. v. N.C. Dep't of Envtl. Quality, Div. of Water Res.*, 845 S.E.2d 802, 811 (N.C. Ct. App. 2020) ("[T]he superior court had subject matter jurisdiction and properly extended the time for service and thus denied the motion to dismiss."); *see also NC Dep't of Pub. Safety v. Owens*, 245 N.C. App. 230, 234, 782 S.E.2d 337, 340 (2016) ("[T]he superior court has the authority to grant an extension in time, *for good cause shown*, to a party to serve the petition beyond the ten days provided for under [N.C.]G.S. 150B-46." (emphasis added)).

20. The record here is clear that (i) Quad Graphics attempted to serve the Department in multiple ways, (ii) the Department admits its counsel of record timely received the Petition and Amended Petition, (iii) the Department admits that Quad Graphics subsequently served the Department through its registered agent thirty-one days after the Petition was filed, and (iv) the Department has made no effort to show it would suffer prejudice should the Court grant the Motion to Extend. Based on this evidence, and particularly when the Court considers our Supreme Court's admonition that "the primary purpose of [section 150B-46] is to confer the right of review and that the statute should be *liberally construed* to preserve and effectuate that right[,]" *James v. Wayne Cty. Bd. of Educ.*, 15 N.C. App. 531, 533, 190 S.E.2d 224, 226 (1972) (emphasis added) (citing *In re Appeal of Harris*, 273 N.C. 20, 27, 159 S.E.2d 539, 545 (1968)), *appeal dismissed*, 282 N.C. 672, 194 S.E.2d 151 (1972)), the

Court concludes, in the exercise of its discretion, that good cause exists to grant the Motion to Extend.

21.   Accordingly, the Court shall extend the period within which Quad Graphics may file the Petition and Amended Petition through and including August 25, 2020, the date on which Quad Graphics served the Department with the Petition and Amended Petition.  In light of the Court's ruling, the Department's Motion to Dismiss, which is premised entirely on Quad Graphics' failure to serve the Department within section 150B-46's ten-day service period, and the Motion to Stay, which relies entirely on the pendency of the Motion to Dismiss, shall each be denied.[1]

III.

CONCLUSION

22.   **WHEREFORE**, the Court, in the exercise of its discretion, hereby **ORDERS** that (i) the Motion to Extend is **GRANTED**,[2]  and the period within which Quad Graphics shall be permitted to serve a copy of the Petition, (ECF No. 3), on the Department is hereby extended through and including August 25, 2020; (ii) the Motion to Dismiss is **DENIED**; and (iii) the Motion to Stay is **DENIED**.

---

[1] The Department's counsel acknowledged at the Hearing that in the event the Court were to grant the Motion to Extend, the Department's Motion to Dismiss and Motion to Stay necessarily fail.

[2] The Court finds the Department's refusal to consent to the Motion to Extend disappointing. Zealous representation under the North Carolina Rules of Professional Conduct does not require a party to take legal positions the party is certain to lose, which was certainly the case in opposing the Motion to Extend here, and, in the process, decline to extend long-accepted professional courtesies to one's adversary where no prejudice to the party could possibly result.

**SO ORDERED**, this the 2nd day of October, 2020.

/s/ Louis A. Bledsoe, III
Louis A. Bledsoe, III
Chief Business Court Judge