ELIZABETH COOMER, PLAINTIFF-PETITIONER v. LEE COUNTY BOARD OF EDUCATION, DEFENDANT-RESPONDENT

No. COA11-1105

(Filed 17 April 2012)

**Appeal and Error—petition for judicial review Administrative Procedure Act—petition filed outside time limit**

The superior court did not err in dismissing petitioner employee's petition for judicial review of her dismissal from employment with respondent school system. The superior court properly looked to Article 4 of the Administrative Procedure Act to determine the correct time limit for appealing from school boards to the courts. That time limit is thirty days, and petitioner filed her petition nine months after respondent issued its decision, well outside the thirty-day limit.

Appeal by plaintiff-petitioner from order entered 28 March 2011 by Judge Richard T. Brown in Lee County Superior Court. Heard in the Court of Appeals 25 January 2012.

*The Leon Law Firm, P.C., by Mary-Ann Leon, for plaintiff-petitioner.*

*Tharrington Smith LLP, by Curtis H. Allen, III, for defendant-respondent.*

ELMORE, Judge.

Elizabeth Coomer (petitioner) appeals from an order dismissing her petition for judicial review as untimely. After careful consideration, we affirm the order of the superior court.

Petitioner was employed as an instructional assistant/bus driver by the Lee County Schools. In November 2009, the Superintendent of the Lee County Schools dismissed petitioner from her employment after determining that she was medically unable to drive a school bus and thus could not fulfill all of the essential functions of her job. The Lee County Board of Education (respondent) ratified the superintendent's decision. Petitioner appealed to respondent, but respondent upheld the superintendent's decision, notifying petitioner of its decision by letter dated 13 January 2010.

On 1 October 2010, petitioner filed a complaint and petition for judicial review. In her complaint, petitioner alleged that respondent

had breached its contract with her. In her petition for judicial review, petitioner alleged that respondent had acted unlawfully and upon unlawful procedure, and thus she was entitled to judicial review of its decision.

Respondent moved to dismiss both the complaint and the petition for judicial review. The superior court granted respondent's motion to dismiss the petition for judicial review after finding it untimely and entered final judgment with respect to that claim pursuant to N.C. Gen. Stat. § 1A-1, Rule 54(b). However, the superior court denied respondent's motion to dismiss the complaint, and respondent has not appealed that decision. Accordingly, we consider only whether the superior court properly dismissed the petition for judicial review.

Petitioner filed her petition for judicial review pursuant to N.C. Gen. Stat. § 115C-45(c), which states that "[a]n appeal shall lie to the local board of education from any final administrative decision" when the petitioner has "alleged violation of a specified federal law, State law, State Board of Education policy, State rule, or local board policy[.]" N.C. Gen. Stat. § 115C-45(c) (2011). Following an appeal of right to a local board of education, a petitioner may further appeal

> to the superior court of the State on the grounds that the local board's decision is in violation of constitutional provisions, is in excess of the statutory authority or jurisdiction of the board, is made upon unlawful procedure, is affected by other error of law, is unsupported by substantial evidence in view of the entire record as submitted, or is arbitrary or capricious.

N.C. Gen. Stat. § 115C-45(c) (2011).

Here, petitioner appealed to the superior court after the respondent local board of education affirmed the superintendent's decision to terminate her employment. In her appeal, petitioner alleged that respondent had acted unlawfully and upon unlawful procedure when it terminated her employment. Specifically, she alleged that respondent acted unlawfully by (1) violating N.C. Gen. Stat. Chapter 168A and the Americans with Disabilities Act (ADA) by discriminating against her on the basis of her disabling condition, (2) violating N.C. Gen. Stat. Chapter 168A and the ADA by failing to provide reasonable accommodations, and (3) misapplying Board Policy 7400.

The superior court dismissed the petition as untimely after first determining that petitions for judicial review brought under § 115C-45(c) are subject to the thirty-day time limit set out in

§ 150B-45(a). The superior court also found that petitioner had not shown good cause for the court to accept her untimely petition. Section 115C-45(c) does not contain a time limit, so the superior court looked to the time limit set out in Article 4 of the Administrative Procedure Act (APA). Under the APA, a person seeking judicial review of a final decision under Article 4 of the APA "must file a petition within 30 days after the person is served with a written copy of the decision." N.C. Gen. Stat. § 150B-45(a) (2011). Although local boards of education are generally excluded from the requirements of the APA, *see* N.C. Gen. Stat. §§ 115C-2, 150B-2(1a) (2011), our appellate courts have consistently applied the standards for judicial review set out in § 150A-51 to appeals from school boards to the courts, *e.g.*, *Overton v. Board of Education*, 304 N.C. 312, 316-17, 283 S.E.2d 495, 498 (1981). As the Supreme Court explained in *Overton*, because "no other statute provides guidance for judicial review of school board decisions and in the interest of uniformity in reviewing administrative board decisions," the courts "apply the standards of review set forth in G.S. 150A-51[.]" *Id.*

Similarly, here, no other statute provides guidance for the judicial review of school board decisions, so the superior court, following *Overton*, properly looked to Article 4 of the APA to determine the correct time limit for appealing from school boards to the courts.[1] That time limit is thirty days, and petitioner filed her petition nine months after respondent issued its decision, well outside the thirty-day limit. Accordingly, the superior court properly dismissed the petition as untimely.

Affirmed.

Judges BRYANT and ERVIN concur.

---

1. This is consistent with recent amendments to Chapter 115C, which apply the APA's judicial review standards to certain student appeals under § 115C-45 and specifically state that such appeals must be brought within thirty days of the local school board's decision. N.C. Gen. Stat. § 115C-390.8(i) (2011).