DAVIS, Judge.
 

 *571
 
 This appeal requires us to revisit the issue of which provisions from North Carolina's Administrative Procedure Act ("APA") should be used to fill gaps existing in statutes authorizing appeals to superior court from decisions by a local school board. Anthony Butler appeals from the trial court's order dismissing his petition for judicial review in which he sought to challenge the termination of his employment as a teacher by the Scotland County Board of Education (the
 
 *187
 
 "Board"). Because we conclude that Butler's petition failed to comply with several essential requirements under N.C. Gen. Stat. § 150B-46, we affirm.
 

 Factual and Procedural Background
 

 In 2016, Butler was a career teacher employed at Scotland County High School. On 9 May 2016, the Superintendent of Scotland County Schools notified him that he was being placed on suspension without pay and that his dismissal had been recommended to the Board. On 9 June 2016, the Board held a hearing and entered an order terminating his contract of employment.
 

 On 7 July 2016, Butler filed a document captioned "Notice of Appeal and Petition for Judicial Review" in Scotland County Superior Court. Butler served the petition by mailing a copy to the attorney who had represented the Board in the administrative proceeding. On 3 August 2016, the Board filed a motion to dismiss in which it asserted that a number of errors existed in the petition and that Butler had failed to properly serve the petition upon the Board.
 

 A hearing was held on the Board's motion to dismiss on 28 November 2016 before the Honorable Tanya T. Wallace. On 23 January 2017, the trial court entered an order granting the Board's motion. Butler filed a timely notice of appeal to this Court.
 

 Analysis
 

 It is well established that "[o]n appeal of a decision of a school board, a trial court sits as an appellate court and reviews the evidence presented to the school board."
 
 Davis v. Macon Cty. Bd. of Educ.
 
 ,
 
 178 N.C. App. 646
 
 , 651,
 
 632 S.E.2d 590
 
 , 594 (2006) (citation omitted),
 
 disc. review denied
 
 ,
 
 360 N.C. 645
 
 ,
 
 638 S.E.2d 465
 
 (2006). "The proper standard of review depends upon the nature of the asserted error."
 
 Id
 
 . (citation omitted). Because Butler's appeal to this Court concerns the purely legal issues of whether his petition for judicial review was legally sufficient and whether he properly served the petition on the Board, we review
 
 de novo
 
 the trial court's order dismissing his appeal.
 
 See
 

 In re Taylor
 
 ,
 
 242 N.C. App. 30
 
 , 34,
 
 774 S.E.2d 863
 
 , 866 (2015).
 

 *572
 
 Butler's petition stated as follows:
 

 NOW COMES Petitioner, Anthony Butler, by and through his undersigned counsel, and pursuant to N.C. Gen. Stat. § 115C-325.8, et. seq., N.C. Gen. Stat. § 150B-43, et. seq., N.C. Gen. Stat. § 150B-45, et. seq., and N.C. Gen. Stat. § 7A-250(a), et. seq., and hereby gives Notice of Appeal to the Superior Court of Scotland County, North Carolina from the Order of Dismissal by the Scotland County Board of Education, dated June 9, 2016. Petitioner respectfully requests that the Court enter an appropriate Order requiring the Respondent to promptly transmit and deliver to this Court a complete copy of the administrative record compiled in this matter, including any and all transcripts, exhibits, evidence, or other similar matters, pursuant to N.C. Gen. Stat. § 115C-325.8(b).
 

 Chapter 115C of the North Carolina General Statutes governs appeals from various types of decisions made by local school boards. The particular statute within Chapter 115C relied upon by Butler in challenging his dismissal was N.C. Gen. Stat. § 115C-325.8, which states as follows:
 

 (a) A teacher who (i) has been dismissed, demoted, or reduced to employment on a part-time basis for disciplinary reasons during the term of the contract as provided in G.S. 115C-325.4, or has received a disciplinary suspension without pay as provided in G.S. 115C-325.5, and (ii) requested and participated in a hearing before the local board of education, shall have a further right of appeal from the final decision of the local board of education to the superior court of the State on one or more of the following grounds that the decision:
 

 (1) Is in violation of constitutional provisions.
 

 (2) Is in excess of the statutory authority or jurisdiction of the board.
 

 (3) Was made upon unlawful procedure.
 

 (4) Is affected by other error of law.
 

 (5) Is unsupported by substantial evidence in view of the entire record as submitted.
 

 *188
 
 (6) Is arbitrary or capricious.
 

 *573
 
 (b) An appeal pursuant to this section must be filed within 30 days of notification of the final decision of the local board of education and shall be decided on the administrative record. The superior court shall have authority to affirm or reverse the local board's decision or remand the matter to the local board of education. The superior court shall not have authority to award monetary damages or to direct the local board of education to enter into an employment contract of more than one year, ending June 30.
 

 N.C. Gen. Stat. § 115C-325.8 (2017).
 

 Because N.C. Gen. Stat. § 115C-325.8 does not specifically address the contents of a petition for judicial review of a school board's decision or the manner in which it must be served, the Board contends that N.C. Gen. Stat. § 150B-46 -a statute within the APA-governs these issues. N.C. Gen. Stat. § 150B-46 states, in pertinent part, as follows:
 

 The petition shall explicitly state what exceptions are taken to the decision or procedure and what relief the petitioner seeks. Within 10 days after the petition is filed with the court, the party seeking the review shall serve copies of the petition by personal service or by certified mail upon all who were parties of record to the administrative proceedings....
 

 N.C. Gen. Stat. § 150B-46 (2017).
 

 It is undisputed that Butler's petition failed to comply with N.C. Gen. Stat. § 150B-46 in several respects. First, the petition did not contain any specific exceptions to the Board's decision or state what relief was being sought by Butler. Second, Butler failed to personally serve the Board within ten days of the filing of the petition by means of either personal service or certified mail. Thus, the question before us is whether N.C. Gen. Stat. § 150B-46 applied to Butler's appeal to superior court.
 

 As an initial matter, it is clear that "local school boards and local school administrative units are local governmental units, and, as such, are not 'agencies' for the purpose of the APA."
 
 Thomas Jefferson Classical Acad. Charter Sch. v. Cleveland Cty. Bd. of Educ.
 
 ,
 
 236 N.C. App. 207
 
 , 215,
 
 763 S.E.2d 288
 
 , 295 (2014) (citation omitted). However, although school board appeals are exempted from the scope of the APA as a general proposition, our appellate courts have nevertheless repeatedly "borrowed" certain provisions of the APA to fill gaps existing in the
 
 *574
 
 judicial review provisions of Chapter 115C. Thus, it is helpful to review the pertinent case law from our appellate courts on this subject.
 

 In
 
 Thompson v. Wake Cty. Bd. of Educ.
 
 ,
 
 292 N.C. 406
 
 ,
 
 233 S.E.2d 538
 
 (1977), a career teacher was suspended pursuant to
 
 N.C. Gen. Stat. § 115-142
 
 (f). The Wake County Board of Education subsequently entered an order dismissing the teacher, and he appealed to superior court.
 

 Id.
 

 at 408
 
 ,
 
 233 S.E.2d at 540
 
 . The court reversed the Board's decision.
 

 Id.
 

 On appeal, our Supreme Court addressed the question of what standard of review applied to appeals to superior court from local school board decisions. The Court held that "the whole record rule" as set out in N.C. Gen. Stat. § 150A-51-a provision of the APA-was the applicable standard of review in such appeals.
 
 Id.
 
 at 410,
 
 233 S.E.2d at 541
 
 .
 

 The Supreme Court reiterated the holding of
 
 Thompson
 
 in
 
 Overton v. Goldsboro City Board of Education
 
 ,
 
 304 N.C. 312
 
 ,
 
 283 S.E.2d 495
 
 (1981). In
 
 Overton
 
 , a school board dismissed the plaintiff from his position as a middle school physical education teacher. He appealed the dismissal to superior court, which determined that the board's decision was not supported by substantial evidence in the record.
 
 Id.
 
 at 316,
 
 283 S.E.2d at 498
 
 .
 

 In reviewing his appeal, the Supreme Court once again considered the issue of what standard of review applied to school board appeals.
 

 We first determine the appropriate standard of judicial review. Plaintiff appealed the Board's action to the superior court pursuant to the provisions of G.S. 115-142(n) (1978). That statute, however, provides no standards for review. We find no standards for judicial review for an appeal of a school board decision to the courts set forth in Chapter 115 of our General Statutes. Moreover, we note that G.S. 150A-2(1) expressly excepts county and city
 
 *189
 
 boards of education from the coverage of the Administrative Procedure Act (APA), Chapter 150A, N.C. General Statutes. However, this Court held in
 
 Thompson v. Wake County Board of Education
 
 ,
 
 292 N.C. 406
 
 ,
 
 233 S.E.2d 538
 
 (1977), that the standards for judicial review set forth in G.S. 150A-51 are applicable to appeals from school boards to the courts. Since no other statute provides guidance for judicial review of school board decisions and in the interest of uniformity in reviewing administrative board decisions, we reiterate that holding and apply the standards of review set forth in G.S. 150A-51....
 

 Id.
 
 at 316-17,
 
 283 S.E.2d at 498
 
 .
 

 *575
 
 Since
 
 Overton
 
 , our appellate courts have routinely applied the standard of review set out in the APA to appeals from school board decisions.
 
 See, e.g.
 
 ,
 
 Farris v. Burke Cty. Bd. of Educ.
 
 ,
 
 355 N.C. 225
 
 , 235,
 
 559 S.E.2d 774
 
 , 781 (2002) (applying standards set out in N.C. Gen. Stat. § 150B-51 (citation omitted));
 
 Davis
 
 ,
 
 178 N.C. App. at 651
 
 ,
 
 632 S.E.2d at 594
 
 (" N.C. Gen. Stat. § 150B-51(b) governs judicial review of school board actions...." (citation omitted));
 
 Evers v. Pender Cty. Bd. of Educ.
 
 ,
 
 104 N.C. App. 1
 
 , 9-10,
 
 407 S.E.2d 879
 
 , 884 (1991) ("[O]ur Supreme Court has ... held that the standards for judicial review set forth in N.C. Gen. Stat. § 150A-51 (now section 150B-51 ) apply to appeals from school boards." (citation omitted)),
 
 aff'd per curiam
 
 ,
 
 331 N.C. 380
 
 ,
 
 416 S.E.2d 3
 
 (1992).
 

 We have also, however, utilized
 
 other
 
 APA provisions in school board appeals on issues as to which Chapter 115C was silent. For example, in
 
 Coomer v. Lee County Board of Education
 
 ,
 
 220 N.C. App. 155
 
 ,
 
 723 S.E.2d 802
 
 ,
 
 appeal dismissed and disc. review denied
 
 ,
 
 366 N.C. 238
 
 ,
 
 731 S.E.2d 428
 
 (2012), the petitioner appealed to superior court pursuant to N.C. Gen. Stat. § 115C-45 from a school board's decision to terminate her employment as a bus driver. The superior court dismissed her appeal as untimely based on the requirement in N.C. Gen. Stat. § 150B-45 imposing a thirty-day time limit on appeals from agency decisions.
 
 Id.
 
 at 156-57,
 
 723 S.E.2d at 803
 
 . In affirming the court's dismissal of her appeal, we stated as follows:
 

 ... Section 115C-45(c) does not contain a time limit, so the superior court looked to the time limit set out in Article 4 of the Administrative Procedure Act (APA). Under the APA, a person seeking judicial review of a final decision under Article 4 of the APA "must file a petition within 30 days after the person is served with a written copy of the decision." N.C. Gen. Stat. § 150B-45(a) (2011). Although local boards of education are generally excluded from the requirements of the APA,
 
 see
 
 N.C. Gen. Stat. §§ 115C-2, 150B-2(1a) (2011), our appellate courts have consistently applied the standards for judicial review set out in § 150A-51 to appeals from school boards to the courts,
 
 e.g.,
 

 Overton v. Board of Education
 
 ,
 
 304 N.C. 312
 
 , 316-17,
 
 283 S.E.2d 495
 
 , 498 (1981). As the Supreme Court explained in
 
 Overton
 
 , because "no other statute provides guidance for judicial review of school board decisions and in the interest of uniformity in reviewing administrative board decisions," the courts "apply the standards of review set forth in G.S. 150A-51[.]"
 

 Id.
 

 *576
 
 Similarly, here, no other statute provides guidance for the judicial review of school board decisions, so the superior court, following
 
 Overton
 
 , properly looked to Article 4 of the APA to determine the correct time limit for appealing from school boards to the courts....
 

 Id.
 
 at 157,
 
 723 S.E.2d at 803-04
 
 (internal citation omitted).
 

 Indeed, we specifically noted the applicability of N.C. Gen. Stat. § 150B-46 to an appeal under Chapter 115C in
 
 Tobe-Williams v. New Hanover County Board of Education
 
 ,
 
 234 N.C. App. 453
 
 ,
 
 759 S.E.2d 680
 
 (2014). That case involved a local school board's decision not to renew the contract of an assistant principal. She appealed to superior court, and the court reversed the board's decision and reinstated her. On appeal to this Court, the school board argued that the trial court had erred by failing to dismiss the assistant principal's petition for judicial review based on lack of personal jurisdiction.
 
 Id.
 
 at 460,
 
 759 S.E.2d at 687
 
 . Based on
 
 Overton
 
 , we determined that "[t]he Board's decision not to renew an assistant principal's
 
 *190
 
 employment contract is subject to judicial review in accordance with Article 4 of the North Carolina Administrative Procedure Act...."
 
 Id.
 
 at 459,
 
 759 S.E.2d at 686
 
 (citation omitted). We then stated the following:
 

 The Board first argues that the trial court erred in failing to dismiss the petition for lack of personal jurisdiction. The APA provides that "the person seeking review must file a petition within 30 days after the person is served with a written copy of the decision." N.C. Gen. Stat. § 150B-45(a) (2013). Additionally, "[w]ithin 10 days after the petition is filed with the court, the party seeking the review shall serve copies of the petition by personal service or by certified mail upon all who were parties of record to the administrative proceedings." N.C. Gen. Stat. § 150B-46 (2013).
 

 Here, Ms. Tobe-Williams filed her petition on 9 August 2012, but the Board was not served by personal service or by certified mail until 5 September 2012, more than 10 days later. Service was, therefore, defective.
 

 Id.
 
 at 460-61,
 
 759 S.E.2d at 687
 
 .
 
 [1]
 

 *577
 
 In
 
 Ragland v. Nash-Rocky Mount Board of Education
 
 , --- N.C. App. ----,
 
 787 S.E.2d 422
 
 ,
 
 appeal dismissed and disc. review denied
 
 ,
 
 369 N.C. 72
 
 ,
 
 793 S.E.2d 237
 
 (2016), the petitioner was a part-time teacher who was terminated by the school board. After filing a petition for judicial review of the school board's decision pursuant to N.C. Gen. Stat. § 115C-325.8, the petitioner filed three motions-a motion for entry of default, a motion for default judgment, and a motion for summary judgment-based on his contention that the school board had failed to file an appropriate responsive pleading to his petition for judicial review.
 

 Id.
 

 at ----,
 
 787 S.E.2d at 429-30
 
 . The superior court denied the motions, and the petitioner appealed.
 

 Id.
 

 at ----,
 
 787 S.E.2d at 430
 
 . We held that because the petition was filed to initiate an administrative appeal rather than a new civil action the school board's response was not required to set forth affirmative defenses or specifically deny allegations set forth in the petition as would be required of an answer to a complaint under the North Carolina Rules of Civil Procedure.
 

 ... Here, N.C. Gen. Stat. § 150B-46 provides that, in response to a petition filed following administrative proceedings, "parties to the proceeding may file a response to the petition within 30 days of service. Parties, including agencies, may state exceptions to the decision or procedure and what relief is sought in the response."
 

 Id.
 

 § 150B-46 (2015).
 

 Respondent-Board responded in a timely manner to the Petition. Respondent-Board was served with a copy of the Amended Petition by certified mail on 24 February 2015 and respondent-Board filed a copy with the trial court on 25 March 2015, within thirty days after receipt of the Petition (twenty-nine days later). Respondent-Board had no duty to respond to petitioner's improper motions....
 

 Id.
 

 at ----,
 
 787 S.E.2d at 430
 
 .
 

 Thus, as the above-referenced cases make clear, this Court has previously applied N.C. Gen. Stat. § 150B-46 -as well as other provisions of the APA-in administrative appeals arising under Chapter 115C in the absence of contrary statutory guidance contained therein. Accordingly, given the lack of any provision in N.C. Gen. Stat. § 115C-325.8 governing the contents and service of petitions for judicial review, we conclude it is likewise appropriate to apply N.C. Gen. Stat. § 150B-46 in the present case.
 

 In a number of prior instances, we have affirmed the dismissal of petitions for judicial review based on (1) their failure to adequately state
 
 *578
 
 exceptions to the underlying agency decision,
 
 see, e.g.
 
 ,
 
 Gray v. Orange Cty. Health Dep't
 
 ,
 
 119 N.C. App. 62
 
 , 72,
 
 457 S.E.2d 892
 
 , 899 (mere listing of broad exceptions to agency decision could not "operate to salvage a petition which utterly disregards the statutory specificity requirements"),
 
 disc. review denied
 
 ,
 
 341 N.C. 649
 
 ,
 
 462 S.E.2d 511
 
 (1995) ;
 
 Vann v. N.C. State Bar
 
 ,
 
 79 N.C. App. 173
 
 , 174,
 
 339 S.E.2d 97
 
 , 98 (1986) (petition for judicial review "was not sufficiently explicit
 
 *191
 
 to allow effective judicial review of respondent's proceedings"); and (2) the petitioner's failure to serve the petition in compliance with N.C. Gen. Stat. § 150B-46,
 
 see, e.g.
 
 ,
 
 Follum v. N.C. State Univ.
 
 ,
 
 198 N.C. App. 389
 
 , 395,
 
 679 S.E.2d 420
 
 , 424 (2009) (petitioner's service of petition for judicial review upon university board's attorney did not comply with mandate of N.C. Gen. Stat. § 150B-46 because attorney was "not a party of record to the administrative proceedings").
 

 Butler's appeal was deficient in these same respects. First, his petition failed to state
 
 any
 
 specific exceptions to the Board's decision or the relief he sought to obtain as expressly required by N.C. Gen. Stat. § 150B-46. Second, he failed to comply with N.C. Gen. Stat. § 150B-46 's service requirements in that instead of personally serving the Board with his petition within the ten-day time limit he simply served a copy of his petition upon the
 
 attorney
 
 for the Board. Thus, his petition for judicial review was properly dismissed by the trial court.
 
 [2]
 

 Conclusion
 

 For the reasons stated above, we affirm the trial court's 23 January 2017 order.
 

 AFFIRMED.
 

 Judges ZACHARY and BERGER concur.
 

 [1]
 

 However, because the board had failed to raise the issue of personal jurisdiction in superior court, we ultimately determined that the issue had been waived.
 

 Id.
 

 at 461
 
 ,
 
 759 S.E.2d at 687
 
 .
 

 [2]
 

 While not necessary to our decision, we observe that Butler expressly referenced several provisions of the APA in his petition, thereby demonstrating his awareness that the APA supplemented N.C. Gen. Stat. § 115C-325.8 in terms of imposing certain procedural requirements applicable to his appeal of the Board's decision. Moreover, in his appellate brief, he has not directed our attention to any alternative statutes addressing what must be contained in a petition for judicial review or the manner in which such a petition must be served.