IN THE COURT OF APPEALS OF NORTH CAROLINA

No. COA22-303

Filed 20 June 2023

Orange County, No. 21 CVS 448

NORTH CAROLINA STATE BOARD OF EDUCATION, Petitioner,

v.

MATTHEW J. MINICK, Respondent.

Appeal by petitioner from order entered 21 September 2021 by Judge Mark E. Klass in Superior Court, Orange County. Heard in the Court of Appeals 4 October 2022.

> *Attorney General Joshua H. Stein, by Special Deputy Attorney General Zach Padget, for petitioner-appellant.*
>
> *Mary-Ann Leon for respondent-appellee.*
>
> *The McGuinness Law Firm, by J. Michael McGuinness and Verlyn Chesson Porte, for amicus curiae N.C. Association of Educators.*

STROUD, Chief Judge.

Petitioner appeals an order granting respondent's motion to dismiss. Because petitioner failed to properly serve respondent, we affirm.

## I. Background

A detailed factual background is not needed for this case as the only issue on appeal is service. In relevant part, petitioner is the North Carolina Board of Education ("Board"), and respondent ("Mr. Minick") is a North Carolina teacher.

Respondent was suspended from his job as a teacher and filed a "Petition for a Contested Case Hearing" ("CCH Petition") with the Office of Administrative Hearings ("OAH") in August 2020. On the CCH Petition form, Mr. Minick printed the address of his attorney in the space labeled "Print your full address," and in the space labeled "Print your name" Mr. Minick printed "Matthew J. Minick, by and through his attorney, Narendra K. Ghosh[.]" In September 2020, on the same day, Attorney Ghosh withdrew and Mr. Minick's second counsel, Attorney Mary-Ann Leon, filed a Notice of Appearance.

In January of 2021, an Administrative Law Judge ("ALJ") heard the CCH Petition. On 23 March 2021, the ALJ filed a final decision reversing the Board's suspension of Mr. Minick. On 21 April 2021, the Board then filed a Petition for Judicial Review of the ALJ's final decision ("Petition"). The Certificate of Service for the Petition was filed 23 April 2021, and indicates the Petition was served on OAH and Mr. Minick in care of his attorney Mary-Ann Leon:

> Matthew Minick
> c/o Mary-Ann Leon[1]
> The Leon Law Firm, P.C.
> 704 Cromwell Drive, Suite E
> Greenville, NC 27858

Nothing in the record indicates the Board attempted to serve the Petition on Mr.

---

[1] "C/o" in a mailing address means the enclosed document is addressed to the first party listed and has been placed "in the care of" the second party listed, to be forwarded to the first party. *See, e.g.*, *Huggins v. Hallmark Enterprises, Inc.*, 84 N.C. App. 15, 17-18, 351 S.E.2d 779, 780-81 (1987) (using "c/o" to send mail to the second listed party, to be directed to the first listed party).

Minick in any manner other than through his attorney.

On 9 June 2021, Mr. Minick filed a motion to dismiss the Petition because he was not served but rather only his attorney had been served. Mr. Minick requested that the Petition be "dismissed for lack of personal jurisdiction" under North Carolina General Statute § 150B-46.[2]

The Board filed a response to Mr. Minick's motion on 25 June 2021. The response asserted service was adequate because the CCH Petition listed Mr. Minick's own name, "by and through his attorney" on the line for his name. Further, Mr. Minick's second attorney's Notice of Appearance filed with OAH directed that any documents filed should be served on her, not on Mr. Minick:

> MARY-ANN LEON, of The Leon Law Firm, P.C., gives notice to the Court of her appearance on behalf of the Petitioner in this matter, MATTHEW J. MINNICK, [sic] and requests all future documents, calendars, or other information relating to this matter, either transmitted by the court or by counsel, be served upon her.

The Board asserted its service upon Ms. Leon was sufficient for personal jurisdiction.

---

[2] Mr. Minick's motion to dismiss also cited North Carolina Rule of Civil Procedure 12(b)(2) for lack of personal jurisdiction but did not cite North Carolina Rule of Civil Procedure 12(b)(5) for insufficiency of service of process. This appears to be a procedural distinction without a difference. In this case, North Carolina General Statute § 150B-46 governs service, but according to our precedent this statute is a jurisdictional rule; failure to effect service pursuant to North Carolina General Statute § 150B-46 deprives the trial court of personal jurisdiction. *See, e.g.*, *Tobe-Williams v. New Hanover County Bd. of Educ.*, 234 N.C. App. 453, 460-61, 759 S.E.2d 680, 687 (2014) (concluding that, although the petitioner failed to serve the petition pursuant to North Carolina General Statute § 150B-46, the respondent board waived the issue of lack of personal jurisdiction by submitting to the jurisdiction of the trial court by arguing the merits of the case at the hearing).

On 21 September 2021, without findings of fact or conclusions of law, the trial court granted Mr. Minick's motion to dismiss:

> The Court, having considered the relevant pleadings in this matter, the arguments of the parties' counsel, and the proffered and other relevant authorities, and, in particular, having reviewed N.C. Gen. Stat. § 150B-46, GRANTS [Mr. Minick's] Motion to Dismiss.

The Board appealed.

## II.     Service

The Board contends that by serving Mr. Minick through his attorney, the service was "consistent with [Mr. Minick's] own directives in this matter[.]" Mr. Minick counters that service on his attorney does not satisfy the conditions of North Carolina General Statute § 150B-46.

## A. Standard of Review

We review the Board's appeal *de novo* for whether Mr. Minick was properly served:

> Plaintiff asserts the trial court erred by granting Defendant's motion to dismiss for lack of personal jurisdiction. This Court has previously held "[w]here there is no valid service of process, the court lacks jurisdiction over a defendant, and a motion to dismiss pursuant to Rule 12(b) should be granted." *Davis v. Urquiza*, 233 N.C. App. 462, 463-64, 757 S.E.2d 327, 329 (2014) (citation omitted). "On a motion to dismiss for insufficiency of process where the trial court enters an order without making findings of fact, our review is limited to determining whether, as a matter of law, the manner of service of process was correct." *Thomas & Howard Co. v. Trimark Catastrophe Servs.*, 151 N.C. App. 88, 90, 564 S.E.2d 569, 571 (2002)

(alteration and citations omitted).

*Patton v. Vogel*, 267 N.C. App. 254, 256-57, 833 S.E.2d 198, 201 (2019). Further, questions of statutory interpretation are questions of law also reviewed *de novo*. *Applewood Properties, LLC v. New South Properties, LLC*, 366 N.C. 518, 522, 742 S.E.2d 776, 779 (2013).

**B. Service under North Carolina General Statute § 150B-46**

Both parties agree that Mr. Minick was to be served pursuant to North Carolina General Statute § 150B-46 which states in relevant part:

> Within 10 days after the petition is filed with the court, the party seeking the review shall serve copies of the petition by personal service or by certified mail upon all who were *parties of record* to the administrative proceedings. Names and addresses of such parties shall be furnished to the petitioner by the agency upon request.

N.C. Gen. Stat. § 150B-46 (2021) (emphasis added).

Strict compliance with the service requirement of North Carolina General Statute § 150B-46 is necessary for the trial court to acquire personal jurisdiction over an appeal from an administrative agency:

> For seventy years, our Supreme Court has held: there can be no appeal from the decision of an administrative agency except pursuant to specific statutory provisions therefore. Obviously then, the *appeal must conform to the statute granting the right* and regulating the procedure.

*Aetna Better Health of North Carolina, Inc. v. North Carolina Department of Health and Human Services*, 279 N.C. App. 261, 268, 866 S.E.2d 265, 270 (2021) (emphasis

in original) (citation, quotation marks, and brackets omitted).  Service requirements under North Carolina General Statute § 150B-46 are jurisdictional; a case is properly dismissed where a party is not properly served.  *Id.* at 269, 866 S.E.2d at 270 (citation omitted).  For the trial court to exercise personal jurisdiction over Mr. Minick, as a "part[y] of record to the administrative proceedings," the Board was required to serve the Petition upon Mr. Minick within 10 days of the Petition being filed with the trial court, by personal service or certified mail.  N.C. Gen. Stat. § 150B-46.

There is no dispute Mr. Minick was a party to the administrative proceeding and service upon him was required.  The dispositive question here is whether service *upon Mr. Minick's attorney*, by certified mail, constitutes service *upon Mr. Minick* for purposes of satisfying the jurisdictional prerequisites set forth in North Carolina General Statute § 150B-46:  if so, Mr. Minick was properly served; if not, Mr. Minick was not properly served.

We first address the parties' arguments regarding *Follum v. North Carolina State University*, 198 N.C. App. 389, 679 S.E.2d 420 (2009), and *Butler v. Scotland County Board of Education*, 257 N.C. App. 570, 811 S.E.2d 185 (2018); the cases relied upon by Mr. Minick in his motion to dismiss the Petition.  The Board seeks to distinguish these cases and asserts "[t]his Court's holdings in the cases of *Follum* and *Butler* do not support dismissal of the Board's Petition" because "[t]he facts in *Follum* and *Butler* are inapplicable to this case."  The Board argues that, although the petitioner in *Follum* served his petition for judicial review on the respondent's

attorney of record in that case, *see Follum*, 198 N.C. App. at 391, 679 S.E.2d at 421, and although the petitioner in *Butler* also served his petition for judicial review upon the attorney for the respondent, *see Butler,* 257 N.C. App. at 571, 811 S.E.2d at 187, these cases are distinguishable from the present case because the Board "did serve [Mr. Minick] with a copy of its Petition" when the Board "specifically directed its certified mailing to [Mr. Minick] *at his attorney's address,*" (emphasis added), consistent with Mr. Minick's "directive" to serve him at his second attorney's address as established by his use of his first attorney's address on the CCH Petition. The Board also notes Mr. Minick's motion to dismiss shows Mr. Minick had actual knowledge of the Petition. Mr. Minick argues both cases are controlling and not distinguishable. Mr. Minick asserts "[i]n both cases, as here, the dispositive issue was that the attorney [served] was not the party." (Brackets added.)

Although both *Follum* and *Butler* are cases where the petitioner was the individual party, and not the respective licensing board or employer, the procedural posture for both cases is similar. In *Follum*, the petitioner filed a contested case petition alleging North Carolina State University ("NCSU"), the respondent, demoted him without cause and failed to post employment positions he qualified for. *Follum*, 198 N.C. App. at 390-91, 679 S.E.2d at 421. OAH dismissed the petition after NCSU filed a motion pursuant to North Carolina Rule of Civil Procedure 12(b) to dismiss for lack of personal jurisdiction, subject matter jurisdiction, and failure to state a claim. *Id.* at 391, 679 S.E.2d at 421. OAH mailed a copy of the decision to Mr. Follum and

to NCSU's attorney of record, Ms. Potter. *Id.*

Mr. Follum then filed a petition for judicial review seeking review of the decision. *Id.* Mr. Follum served the petition on NCSU's attorney but "did not serve respondent's process agent nor any other individual employed by respondent." *Id.* NCSU filed a motion to dismiss for insufficiency of process "asserting that petitioner had failed to properly serve the [p]etition for [j]udicial [r]eview." *Id.* Mr. Follum then served the petition on NCSU's process agent. *Id.* at 391, 679 S.E.2d at 421-22. The trial court held a hearing and concluded, among other issues not applicable to this appeal, that NCSU's attorney of record "was not an individual who could properly receive service." *Id.* at 391-92, 679 S.E.2d at 422. Mr. Follum appealed to this Court. *Id.* at 392, 679 S.E.2d at 422.

On appeal, Mr. Follum asserted he properly served NCSU the petition by serving NCSU's attorney of record, although by the time he later did serve NCSU's process agent the petition was untimely. *Id.* This Court disagreed. *Id.* After a review of *Davis v. North Carolina Dept. of Human Resources*, 126 N.C. App. 383, 485 S.E.2d 342 (1997), *aff'd in part, rev'd in part on other grounds*, 349 N.C. 208, 505 S.E.2d 77 (1998) (affirmed in part as to issue of service), this Court determined:

> that in order to comply with section 150B-46, at the very least, petitioner did have to serve said petition upon a "person at the agency[,]" i.e., a person at the agency that was a party to the administrative proceedings. [*Davis*, 126 N.C. App.] at 388, 485 S.E.2d at 345. Here, *as respondent's counsel of record,* Ms. Potter was charged with representing respondent's interests; however, Ms. Potter is

> an employee of the Department of Justice and a member of the Attorney General's staff, not of NCSU. As such, as set out in *Davis*, Ms. Potter does not qualify as a "person at the agency[,]" and service of the Petition for Judicial Review upon her does not comply with section 150B-46. *Id.*

*Follum*, 198 N.C. App. at 394, 679 S.E.2d at 423 (emphasis added). This Court determined serving a party's attorney is not sufficient under North Carolina General Statute § 150B-46. *See id.*

Mr. Follum also argued, similar to the Board's argument here, that service in *Follum* satisfied North Carolina General Statute § 150B-46 because he was unable to acquire a physical street address to which he could mail the petition; he was only able to find a post office box address. *Id.* Mr. Follum claimed a private letter carrier would not deliver to a post office box, and a provision of Rule of Civil Procedure 4 therefore allowed service upon NCSU's attorney. *Id.* This Court rejected the argument that service on a party's attorney was sufficient when a petitioner could not secure a mailing address for a respondent. *Id.* First, the issue was controlled by North Carolina General Statute § 150B-46, not Rule of Civil Procedure 4(j)(4)(c), and second, the record indicated "petitioner was aware of [NCSU's process agent's] physical street address[.]" *Id.* at 395, 679 S.E.2d at 424. The Court ultimately concluded "petitioner's service of his [p]etition for [j]udicial [r]eview upon Ms. Potter . . . did not comply with the mandates of section 150B-46 *because Ms. Potter is not a party of record to the administrative proceedings*," *id.* (emphasis added), even though she had been "charged with representing [NCSU's] interests," *id.* at 394, 679 S.E.2d

at 423, and the petitioner failed to serve the petition on any proper party within the 10-day window provided in North Carolina General Statute § 150B-46. *Id.* at 395, 679 S.E.2d at 424. Service under North Carolina General Statute § 150B-46 requires service upon a party of record, and not upon an attorney representing the party's interests. *See id.*

This Court's analysis in *Butler* is equally instructive. *See generally Butler*, 257 N.C. App. 570, 811 S.E.2d 185. The petitioner, Mr. Butler, was a career teacher; he was placed on suspension and the school board later terminated his employment during a review hearing. *Id.* at 571, 811 S.E.2d at 187. Mr. Butler filed a "Notice of Appeal and Petition for Judicial Review" from the hearing before the school board. *Id.* The school board filed a motion to dismiss asserting Mr. Butler failed to properly serve the petition upon the school board. *Id.* The trial court held a hearing, then entered an order granting the motion to dismiss, and Mr. Butler appealed to this Court. *Id.*

After a brief discussion determining that North Carolina General Statute § 150B-46 controlled the issue of service, this Court concluded that: "It is undisputed that Butler's petition failed to comply with N.C. Gen. Stat. § 150B-46 in several respects. . . . Second, Butler failed to personally serve the Board within ten days of the filing of the petition by means of either personal service or certified mail." *Id.* at 573, 811 S.E.2d at 188. After further review of the applicability of provisions of the Administrative Procedures Act in school board appeals, this Court, citing *Follum*, 198

N.C. App. at 395, 679 S.E.2d at 424, held the petitioner's "appeal was deficient in" the same manner because the petitioner:

> failed to comply with N.C. Gen. Stat. § 150B-46's service requirements in that instead of personally serving the Board with his petition within the ten-day time limit he *simply served a copy of his petition upon the attorney for the Board*. Thus, his petition for judicial review was properly dismissed by the trial court.

*Butler*, 257 N.C. App. at 578, 811 S.E.2d at 191 (emphasis altered).

While facts of these cases vary, as noted by the Board, the dispositive issue does not. In each case, the petitioners failed to comply with North Carolina General Statute § 150B-46 because they failed to personally serve respondents as parties to the administrative proceedings below but instead served an attorney representing the respondents. Although service on an attorney of record would be appropriate in many other types of cases under Rule 4 of the North Carolina Rules of Civil Procedure, North Carolina General Statute § 150B-46 controls service in this context. *See Davis*, 126 N.C. App. at 388, 485 S.E.2d at 345 ("'[W]here one statute deals with a particular subject or situation in specific detail, while another statute deals with the subject in broad, general terms, the particular, specific statute will be construed as controlling, absent a clear legislative intent to the contrary.' *Nucor Corp. v. General Bearing Corp.*, 333 N.C. 148, 154-55, 423 S.E.2d 747, 751 (1992). In the present case, G.S. 150B-46 deals with the service of a petition for judicial review of an agency decision, while Rule 4 applies generally to service in all civil matters. Therefore, since

G.S. 150B-46 is more specific and there is no legislative intent to the contrary, its terms control.").

Here, the Board only "served" Mr. Minick by mailing a copy of the Petition to his attorney's address. The Board argues that service upon Mr. Minick's second attorney was appropriate because Mr. Minick "directed" the Board to do so by listing his first attorney's address on the original CCH Petition. The Board argues Mr. Minick's decision to print his first attorney's address on the line labeled "Print your full address here" on the CCH Petition was a "directive" to serve Mr. Minick at that address, or apparently any future counsel's address. In the cases discussed above, the attorneys who were served all had appeared in the proceedings and were already representing the respondents, but this Court in each case held service upon the attorney was not sufficient. *See Butler*, 257 N.C. App. at 578, 811 S.E.2d at 191; *Follum*, 198 N.C. App. at 395, 679 S.E.2d at 424. Thus, the mere appearance of the attorney as counsel in the case does not constitute a "directive" to serve the attorney for purposes of North Carolina General Statute § 150B-46. The CCH Petition does not include any language to indicate that, by printing an address other than his own on the CCH Petition, Mr. Minick waived the statutory service requirements in North Carolina General Statute § 150B-46. *See Aetna*, 279 N.C. App. at 268, 866 S.E.2d at 270 (noting that after the petitioner asserted an agreement existed for counsel to serve all pleadings via email, "[t]he superior court explicitly rejected these assertions and found, 'there was no such agreement' and 'with respect to this judicial review

proceeding in particular, there was no evidence or argument that the Department or any other party agreed to waive the statutory service requirements necessary to vest jurisdiction in the superior court for a petition for judicial review'"). The fact that the Board "directed" the Petition to Mr. Minick after mailing it to his attorney's office does not change the fact that the Board only sent a copy of the Petition to Mr. Minick's attorney, but not Mr. Minick.[3]

The Board also noted, "Moreover, [Mr. Minick's] Motion to Dismiss acknowledged timely receipt of the Board's Petition." But in each case discussed above, it appears the respondent had actual notice of the petitions for review. *See Butler*, 257 N.C. App. at 571, 811 S.E.2d at 187; *Follum*, 198 N.C. App. at 391, 679 S.E.2d at 421-22. Even if Mr. Minick had actual notice of the Petition, this notice does not render service upon his attorney compliant with North Carolina General Statute § 150B-46. *See Butler*, 257 N.C. App. at 571, 811 S.E.2d at 187; *Follum*, 198 N.C. App. at 391, 679 S.E.2d at 421-22.

Strict compliance with North Carolina General Statute § 150B-46 is required for proper service of a party, and without such compliance there is no personal jurisdiction. *Aetna*, 279 N.C. App. at 268-69, 866 S.E.2d at 270 (determining service upon counsel was inadequate to serve a party under North Carolina General Statute

---

[3] There was no dispute regarding Mr. Minick's address or the Board's knowledge of his address. The record shows the Board previously served Mr. Minick correspondence related to his license suspension at Mr. Minick's home address.

§ 150B-46).  Accordingly, the trial court correctly concluded Mr. Minick was not properly served and thus granted his motion to dismiss.

### III.  Conclusion

Service upon Mr. Minick's attorney did not satisfy the North Carolina General Statute § 150B-46 service requirement.  We affirm the trial court's order granting Mr. Minick's motion to dismiss.

AFFIRMED.

Judges MURPHY and GORE concur.