IN THE COURT OF APPEALS OF NORTH CAROLINA

No. COA24-303

Filed 19 November 2024

Wake County, No. 23 CVS 12568

ROBERT WARD FERRIS, Petitioner,

v.

NORTH CAROLINA BOARD OF ARCHITECTURE, Respondent.

Appeal by petitioner from order entered 27 September 2023 by Judge G. Bryan Collins, Jr., in Wake County Superior Court. Heard in the Court of Appeals 24 September 2024.

*The Charleston Group, by R. Jonathan Charleston and Jose A. Coker, for petitioner-appellant.*

*Hedrick Gardner Kincheloe & Garofalo, LLP, by A. Grant Simpkins and M. Jackson Nichols, for respondent-appellee.*

ZACHARY, Judge.

This case concerns the sufficiency of service of a petition for judicial review of a final agency decision pursuant to N.C. Gen. Stat. § 150B-46 (2023). Petitioner Robert Ward Ferris appeals from the superior court's order granting the motion to dismiss his petition for judicial review filed by Respondent North Carolina Board of Architecture and Registered Interior Designers ("the Board"). After careful review, we affirm.

## I. Background

"A detailed factual background is not needed for this case as the only issue on appeal is service." *N.C. State Bd. of Educ. v. Minick*, 289 N.C. App. 369, 370, 890 S.E.2d 193, 194 (2023).

On 23 and 24 March 2023, the Board conducted an administrative hearing as to whether Petitioner had violated various statutes and rules governing the practice of architecture in North Carolina. On 24 March 2023, the Board issued a final agency decision in which it concluded, *inter alia*, that Petitioner willfully violated N.C. Gen. Stat. § 83A-15, as specifically set forth in 21 N.C. Admin. Code 02.0203(8)(g). The Board served the final agency decision upon Petitioner on 17 April 2023, which Petitioner received by certified mail two days later.

On 19 May 2023, Petitioner timely filed a petition for judicial review ("the Petition") of the Board's final agency decision in Wake County Superior Court. That same day, Petitioner served the Board's counsel, administrative counsel, and executive director—the Board's registered agent for service of process—by email. Thereafter, on 12 June 2023, Petitioner served a copy of the Petition upon the Board's counsel and administrative counsel by certified mail.

On 19 June 2023, the Board filed a motion to dismiss the Petition. The Board argued that "Petitioner failed to comply with N.C. Gen. Stat. § 150B-46 by serving the Board with the Petition via electronic mail and serving counsel for the Board via certified mail." On 21 June 2023, Petitioner served the Board's registered agent for service of process by certified mail, and the next day, Petitioner served the Board by

personal service via courier. Petitioner filed an affidavit of service detailing the above history on 10 July 2023.

On 15 August 2023, the Board's motion to dismiss came on for a hearing. At the conclusion of the hearing, the superior court granted the Board's motion to dismiss and denied Petitioner's motion for additional time to serve the Petition. On 27 September 2023, the superior court entered an order memorializing its decision. Petitioner filed his notice of appeal on 26 October 2023.

## II.    Discussion

Petitioner argues that the superior court erred by granting the Board's motion to dismiss the Petition and by denying his motion for an extension of time to serve the Board. We disagree.

## A.  Standards of Review

Whether the trial court erroneously dismissed a petition for judicial review due to improper service of process is a question of law, which this Court reviews de novo on appeal. *Minick*, 289 N.C. App. at 372, 890 S.E.2d at 195. "Strict compliance with the service requirement of [N.C. Gen. Stat.] § 150B-46 is necessary for the [superior] court to acquire personal jurisdiction over an appeal from an administrative agency . . . ." *Id.* at 373, 890 S.E.2d at 196.

Moreover, here, while conducting de novo review of the superior court's overall decision, we must also be mindful that "[t]he determination of whether good cause exists to extend the time for service rests within the sound discretion of the superior

court." *Aetna Better Health of N.C., Inc. v. N.C. Dep't of Health & Hum. Servs.*, 279 N.C. App. 261, 267, 866 S.E.2d 265, 269 (2021). "When we review for an abuse of discretion, this Court cannot reverse the trial court's decision unless the appellant shows the decision was manifestly unsupported by reason or was so arbitrary that it could not have been the result of a reasoned decision." *Id.* (cleaned up).

**B. Analysis**

Petitioner argues that the superior court erred by granting the Board's motion to dismiss because the court "relied on cases where the petitioner did not request additional time to serve the petition for judicial review." However, Petitioner's argument fails to persuade. As the Board correctly notes, "[t]he dispositive issue in this case is whether there was strict compliance with N.C. Gen. Stat. § 150B-46." In the present case, there was not.

For approximately 70 years, our Supreme Court has held that "there can be no appeal from the decision of an administrative agency except pursuant to specific statutory provisions therefore. Obviously then, the *appeal must conform to the statute granting the right* and regulating the procedure." *Minick*, 289 N.C. App. at 373, 890 S.E.2d at 196 (citation omitted). The failure to do so is fatal because the "[s]ervice requirements under [N.C. Gen. Stat.] § 150B-46 are jurisdictional; a case is properly dismissed where a party is not properly served." *Id.*

Here, Petitioner had the statutory right to appeal the Board's final agency decision pursuant to N.C. Gen. Stat. § 150B-43. Yet in conjunction with that statutory

right, there came the responsibility of complying with the specific service-of-process provisions of N.C. Gen. Stat. § 150B-46. *See id.* Section 150B-46 provides that "[w]ithin 10 days after the petition is filed with the court, the party seeking the review shall serve copies of the petition by personal service or by certified mail upon all who were parties of record to the administrative proceedings." N.C. Gen. Stat. § 150B-46.

Petitioner was thus required to serve the Board by personal service or certified mail within ten days of filing the Petition in Wake County Superior Court. *See id.* This, Petitioner indisputably did not do. Within the jurisdictional ten-day period, Petitioner served the Board's registered agent for service of process, counsel, and administrative counsel *by email*, which § 150B-46 does not authorize. *See id.*; *see also Aetna*, 279 N.C. App. at 268, 866 S.E.2d at 270 (affirming the superior court's denial of the petitioner's motion for an extension of time to serve a petition for judicial review where the petitioner "did not accomplish proper service" by serving the respondent's counsel via email).

Moreover, to the extent that Petitioner attempted to remedy this jurisdictional error by belatedly serving the Board's counsel and administrative counsel via certified mail, that effort was ineffective. This Court has consistently affirmed dismissals of petitions for judicial review where "petitioners failed to comply with [N.C. Gen. Stat.] § 150B-46 because they failed to personally serve respondents as parties to the administrative proceedings below but instead served an attorney representing the respondents." *Minick*, 289 N.C. App. at 376, 890 S.E.2d at 198. Our

precedent instructs that this is insufficient under § 150B-46, which "requires service upon a party of record, and not upon an attorney representing the party's interests." *Id.* at 375, 890 S.E.2d at 197; *see also* N.C. Gen. Stat. § 150B-46.

In *Follum v. North Carolina State University*, for example, the petitioner served the respondent's counsel of record, rather than its registered agent for service of process. 198 N.C. App. 389, 394, 679 S.E.2d 420, 423 (2009). This Court determined that the counsel of record was "an employee of the Department of Justice and a member of the Attorney General's staff, not of NCSU." *Id.* As such, the counsel of record did not qualify as a "person at the agency" under § 150B-46. *Id.*; *see also, e.g.*, *Butler v. Scotland Cty. Bd. of Educ.*, 257 N.C. App. 570, 578, 811 S.E.2d 185, 191 (affirming the dismissal of a petition for judicial review where the petitioner "failed to comply with N.C. Gen. Stat. § 150B-46's service requirements in that instead of personally serving the Board with his petition within the ten-day time limit he simply served a copy of his petition upon the *attorney* for the Board"), *disc. review denied*, 371 N.C. 339, 813 S.E.2d 853 (2018).

Petitioner's service by email upon the Board's registered agent for service of process, rather than by personal service or certified mail, was statutorily insufficient. *See* N.C. Gen. Stat. § 150B-46. This failing subjected the Petition to dismissal. *See Minick*, 289 N.C. App. at 373, 890 S.E.2d at 196. And to the extent that Petitioner attempted to remedy this jurisdictional flaw, his subsequent and untimely service by certified mail was still ineffective under § 150B-46. *See, e.g.*, *Butler*, 257 N.C. App. at

578, 811 S.E.2d at 191.

Nevertheless, Petitioner relies upon *North Carolina Department of Public Safety v. Owens*, in which this Court held that "the superior court has the authority to grant an extension in time, for good cause shown, to a party to serve the petition beyond the ten days provided for under [N.C. Gen. Stat. §] 150B-46." 245 N.C. App. 230, 234, 782 S.E.2d 337, 340 (2016). Petitioner contends that the superior court abused its discretion by denying his motion for an extension of time and granting the Board's motion to dismiss because "there was good cause to allow [him] additional time to serve [his] timely filed Petition by certified mail[.]"

"When the [superior] court acts within its discretion, this Court may not substitute its own judgment for that of the [superior] court." *Aetna*, 279 N.C. App. at 268, 866 S.E.2d at 270 (cleaned up). In this case, the superior court considered Petitioner's good-faith argument, but concluded that "Petitioner has failed to offer or show good cause for his failure to timely and properly serve" the Petition on the Board. Accordingly, and in the proper exercise of its discretion, the superior court declined to extend the time for service of process.

"The [superior] court's decision was not arbitrary. It was a reasoned decision rendered after careful evaluation of the parties' competing positions." *Id.* Petitioner has not demonstrated that "the decision was manifestly unsupported by reason or was so arbitrary that it could not have been the result of a reasoned decision." *Id.* at 267, 866 S.E.2d at 269. Therefore, Petitioner "has shown no abuse of discretion in the

superior court's good cause determination. [His] argument is overruled." *Id.* at 268, 866 S.E.2d at 270 (citation omitted).

### III. Conclusion

For the foregoing reasons, the superior court's order is affirmed.

AFFIRMED.

Judges STROUD and HAMPSON concur.